T. H.

## EZRA B. HOXIE *vs.* SOLOMON WRIGHT, JUN.

A judgment rendered in one state, by a court having jurisdiction, is conclusive evidence in another, if it appear from the record that the defendant appeared and took defence, although he resided out of the state in which the judgment was rendered, and the suit was commenced by an attachment of property.

This was an action of debt upon a judgment, rendered by the supreme court of the state of *Massachusetts*, for the sum of $168,40 damages, and the sum of $47,60 costs of suit. The defendant pleaded *nil debet*, on which issue was joined. On the trial, the plaintiff offered in evidence an exemplification of the record of the judgment, with the attestation of the clerk and the seal of the court annexed, together with a certificate of the chief justice that the attestation was in due form, from which it appeared, that the judgment was rendered in a suit, commenced by the plaintiff, then residing in *Pownall* in this state, against the defendant, also residing in *Pownall* in this state, before the court of common pleas in the county of *Berkshire*, and state of *Massachusetts*, by an attachment of property ; that the defendant, by attorney, appeared and pleaded to the action in the common pleas, and judgment

RUTLAND,
*February,*
1829.

Langdon
*vs.*
Strong et al.

BENNINGTON,
*February,*
1828.

BENNINGTON
. *February*,
1828.

Hoxie
*vs.*
Wright.

being thus rendered against him, he appealed to the supreme court; and that the appeal being entered in the supreme court, judgment was finally rendered by that court, on default, for the plaintiff to recover of the defendant the damages and costs before mentioned. The defendant objected to the admission of the exemplification in evidence, but the objection was overruled, and the exemplification admitted. The defendant thereupon offered to prove, that previous to the rendition of the judgment, he settled with and paid the plaintiff the full amount of the demand on which the judgment was founded, and took a discharge therefrom; which evidence was objected to by the plaintiff, and rejected. A verdict being returned for the plaintiff, and judgment thereupon rendered by the county court, the cause was removed to this Court, on exceptions filed by the defendant and allowed by the county court, stating the several matters aforesaid.

*Mr. Hall, for the defendant.*—I. A foreign judgment, though regular upon the face of it, is only *prima facie* evidence of a debt, and may be impeached by showing its *injustice.* *Phil. Ev.* 252. —*Walker* vs. *Witter, Doug.* 6.—And a judgment rendered in another state is to be treated and considered as a foreign judgment. 1 *Chip.* 62.—1 *Mass.* 401.—1 *Caines,* 460.—8 *Johns.* 173, 133.—5 *Johns.* 132. Considered, therefore, as a *regular* foreign judgment, the evidence of the discharge of the original debt ought to have been admitted.

II. But by the record in this case the judgment is irregular, was unduly obtained, and is therefore, in this state, to be treated as a nullity. The writ was served by *nominal* attachment, when defendant *resided,* and *was,* out of the jurisdiction of the court. The judgment may have been good as a proceeding *in rem :*—it undoubtedly held the property attached in *Massachusetts,* but, when attempted to be enforced abroad, is a nullity. *Buchanan* vs. *Rucker,* 9 *East,* 192.—*Killborn* vs. *Woodworth,* 5 *Johns.* 37.—*Robinson* vs. *Ward,* 8 *Johns.* 67. And *notice* to the defendant, while out of the jurisdiction, does not render the judgment *valid,* when attempted to be enforced in another state. *Finton* vs. *Garlick,* 8 *Johns.* 150.

But it is said that in this case the record shows an *appearance* by the defendant, and therefore the judgment is *valid.* The defendant contends that the record affords no *evidence* that defendant *appeared* in the suit.

Though it may be true that the court will not enquire into the authority of an attorney who undertakes to *appear* for a party, yet the entry of his name to a suit by an *attorney* is in *reality*

BENNINGTON,
February,
1828.

Hoxie
vs.
Wright.

but the *declaration* of a man that he was employed. It is not even that—for he might *honestly* appear by the employment of a *third* person, or by the connivance of the plaintiff. 1 *Sel.* 17, 18.—1 *Term. Rep.* 62.—*Denton* vs. *Noys*, 6 *Johns.* 296.— *Hart* vs. *Waterhouse*, 1 *Mass.* 438. Therefore, when a party, without the expectation of collecting a debt, but manifestly with a view of having his claim adjudicated in a foreign government, undertakes, by making a *nominal attachment* in such foreign government, to call a citizen from his home in this state to contest his rights abroad, and the judgment recovered abroad be attempted to be enforced here—the defendant contends, that the court should require *direct* proof, that the party is *elected* to appear in such suit—the entry of the name of a stranger on the record as attorney *not being any evidence whatever of the fact.*

*Mr. Church, for the plaintiff,* contended, that the record of the judgment was conclusive as to all matters to be heard and determined by the jury ; and cited the constitution of the *United States, sect.* 1, *art.* 4 ; also the act of congress, passed May 26. 1790, *vol.* 1, *p.* 115.

Although the decisions on this subject are in some degree conflicting, it is apprehended that most of those decisions support the principles contended for by the plaintiff ; while some of them, and not the least respectable, hold the records of judgments, certified from the courts of one state to those of another, to be conclusive evidence of the claims made under them. 7 *Cranch,* 308, *Clark's Exe'rs.* vs. *Carrington.*—3 *Wheaton,* 234, *Hampton* vs. *McConnell.*—*Mills* vs. *Duryee,* 7 *Cranch,* 481.—*James* vs. *Allen,* 1 *Dall.* 188.

In *Massachusetts* this doctrine is settled in the case of *Bissell* vs. *Briggs.* 9 *Mass.* 462. It was there decided that when a record of a judgment of any court of any of the *United States* is produced in a court of that state as conclusive evidence, the jurisdiction of the court rendering the judgment is open to inquiry, and if the court have jurisdiction of the party and the cause, the judgment is conclusive, and the merits of the judgment are not to be inquired into, and that under the general issue to such record, the jurisdiction of the court rendering the judgment is put in issue, but not the merits. See also *Bartlet* vs. *Knights,* 1 *Mass.* 409.— 2 *Camp.* 502, *Mahony* vs. *Gibbons.*—The want of notice, or the existence of a disability, must be alledged in the plea. *Smith* vs. *Rhoades,* 1 *Day's Rep.* 162. And to rebut the *prima facie* evidence made by the record, the defendant must shew its injustice, or by positive proof impeach the judgment. 1 *Caines' Rep.*

Bennington
February,
1828.

Hoxie
vs.
Wright.

482, *(in note.)*   And it is believed that no case can be found in which the English courts have not decided, that in an action there on a foreign judgment, the record of such judgment is *prima facie* evidence of the debt, if the foreign court had jurisdiction, and the defendant notified.    It was admitted by the plaintiff's counsel,  and so held by the court, in the case of *Walker* vs. *Witter*, *Doug. Rep.* 1.—So in *St. Clair* vs. *Ives*, *Doug.* 5, *(in note,)* in an action in the court of sessions in *Scotland*, on a judgment of the sup. court, in  *Jamaica*, on an appeal to the house of Lords, it was held that the record of the judgment in *Jamaica*, was *prima facie* evidence of the debt, and it was incumbent on the defendant to impeach the justice thereof, or to shew it to be irregularly or unduly obtained.  So in *Gilbraith* vs. *Neville*, 5 *East*, 475, *(note.)*—In the case of *Taylor* vs. *Bryden*, 8 *John. Rep.* 133, which was an action on a judgment recovered in *Maryland*, the court refused to allow the defendant to go into evidence of facts which had been litigated and decided in the trial in *Maryland*, and held the judgment to be presumptive proof of the demand, and that it was incumbent on the defendant, if he would obstruct the execution of the judgment, to shew by positive proof that it was irregularly or unduly obtained.

PRENTISS, J. delivered the opinion of the Court.  The constitution of the *United States*, *(art.* 4, *s.* 1.) declares, that " full faith and credit shall be given, in each state, to the public acts, records and judicial proceedings of every other state ; and the congress may, by general laws, prescribe the manner in which such acts, records and proceedings, shall be proved and the effect thereof."   By an act of  congress, passed in pursuance of this provision of the constitution, it is declared, that " the reasons and judicial proceedings of the courts of any state shall be proved and admitted in any other court within the  *United States*, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form ;  and the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the  *United States*, as they have by law or usage in the courts of the state from whence the said records are, or shall be, taken."—*Ingersoll's Abr.* 298.

With respect to the first question presented by the exceptions in this case, it is sufficient to say, that the record which was produced in evidence by the plaintiff was authenticated precisely in the manner prescribed by the act of congress, and was, therefore, admissible, and sufficient proof of the judgment.  The remaining

BENNINGTON,
*February,*
1828.

Hoxie
*vs.*
Wright

question, whether evidence of a settlement and payment of the demand, on which the judgment was rendered, was admissible as a defence to the action, depends on the validity and effect which a judgment rendered in another state, proved in the manner prescribed, is entitled to here. If it is to be considered in the light of a foreign judgment, and only *prima facie* evidence of a debt, according to the doctrine formerly held in some of the states, it is liable to be impeached, and may be avoided by proof that it was unjustly or irregularly obtained. But if it is to be regarded as a record, conclusive between the parties, then no averment can be received against its validity, and it cannot be avoided by pleading, or giving in evidence, any matter of defence which existed anterior to the judgment. In the case of *Mills* vs. *Duryee,* 7 *Cranch,* 481, the supreme court of the *United States* gave a construction to the act of congress, and decided, that by declaring what faith and credit shall be given in one state to the judicial proceedings of another, congress has declared the *effect* of the record. The court said, that the act having declared that the record duly authenticated shall have such faith and credit as it has in the state court from whence it is taken, it followed, that if in such court it has the faith and credit of evidence of the highest nature, *record evidence*, it must have the same faith and credit in every other court, and can be denied only by a plea of *nul tiel record.* It was, therefore, held, that in an action founded on a judgment of another state, where the defendant had been arrested and given bail, the judgment was conclusive, and a plea of *nil debet* was bad on demurrer, though it might be good after verdict. The same point was subsequently determined, and the principle of the former decision recognized and confirmed, in the cases of *Hampton* vs. *McConnel,* 3 *Wheat.* 234, and *Mayhew* vs. *Thatcher,* 6 *Wheat.* 129. By these decisions, made by a court whose peculiar province it is to determine and settle the construction of the act of congress, it appears to be established, that the record of a court of another state, authenticated according to the act, is not only entitled to the same credit, but the judgment has the same validity and effect in every other court within the *United States,* which it has in the state where it was rendered ; and that whatever defence would be good to an action on the judgment in such state, and no other, except such as is founded on matter arising subsequent to the judgment, can be available in any other court within the *United States.* If, therefore, the matter set up in defence in the case before us, as it goes to invalidate the judgment, would not be allowed in the court of *Massachusetts,* in an action upon the judgment there, it cannot, consistently with the authorities, be allowed here. It is there settled agreeably to the general rule of law,

BENNINGTON,
  *February*,
    1828.

  Hoxie
    *vs.*
  Wright.

that a judgment rendered by a court, which proceeds according to the course of the common law, is in all cases conclusive evidence of the existence and justice of the debt, and cannot be impeached or avoided by a party to it, either collaterally or by plea, on account of error or fraud, or any matter which existed prior to the judgment; but it remains valid, and may be enforced, until it is regularly reversed or set aside, unless it appears from the judgment itself that the court had no jurisdiction. (*Smith* vs. *Rice*, 11 *Mass.* 507.—*Thatcher* vs. *Gammon*, 12 *Mass.* 268.—*Homer* vs. *Fisk*, 1 *Pick. Rep.* 435.) From the record which was produced in evidence in this case, it appeared, that though the judgment was rendered in a suit commenced by an attachment of property, the defendant appeared and pleaded to the action; and the case, therefore, is precisely like that of *Mayhew* vs. *Thatcher*, already cited, in which it was held that a judgment in one state is conclusive evidence in another, if it appears from the record that the defendant appeared and took defence, although he resided out of the state in which the judgment was rendered, and the suit was commenced by an attachment of property. We are bound, then, to treat the judgment in the present case as absolute and conclusive between the parties; and, consequently, the evidence offered by the defendant in the court below was properly excluded.

It is not to be understood from what has been said, that the defendant was precluded from all means of relief against the judgment. If he was entitled to relief, he might, on good reason shewn, have obtained a stay of proceedings in this action, while he had pursued, or had time to pursue, any remedy which might have been open to him. If the demand on which the judgment was rendered was paid by him after the commencement of the original suit, and the plaintiff, after having discharged the demand, proceeded and took judgment by default, it would unquestionably have furnished sufficient ground for an *audita querela*, or a motion to set aside the judgment; and the court in which it was rendered, upon a proper application, accompanied with sufficient proof, would undoubtedly have vacated the judgment. But if the payment was made before the commencement of the suit, it was the duty of the defendant to have availed himself of it in defence to the action; and if he neglected it, his opportunity was lost, and he could not be relieved, unless, indeed, the appearance by attorney was without authority from him. But if the latter was the fact, it is very clear that it could not avail the defendant here, whatever might have been its effect on a motion to set aside the judgment. In *Field* vs. *Gibbs*, 1 *Pet. Rep.* 155, it was decided, that where it appeared from the record, that the defendant

BENNINGTON,
*February,*
1829.

Hoxie
*vs.*
Wright.

who resided out of the state in which the judgment was rendered, appeared and pleaded to the action, he was estopped to say, in a suit upon the judgment in another state, that he was not served with process, and never appeared or authorized any one to appear for him, inasmuch as the record imported absolute verity.

It may be observed, that in all cases to which reference has been made, the defendant was either served with process within the state where the judgment was rendered, or had appeared in the suit and submitted to the jurisdiction of the court ; and in none of them is it expressly decided, though the principle asserted seems to cover the whole ground, that the judgment is valid and conclusive, if the defendant did not reside within the jurisdiction of the court, or had not subjected himself to it, either by being arrested within it, or by appearing and pleading in the suit. In *Bissel* vs. *Briggs*, 9 *Mass.* 462, it was laid down by *Parsons*, Ch. J., that the judicial proceedings, contemplated by the constitution as entitled to full faith and credit, are such only as are within the jurisdiction of the state whence they are taken ; that in order to entitle a judgment, rendered in any court in the *United States*, to the full faith and credit mentioned, the court must have had jurisdiction, not only of the cause, but of the parties ; and that a court in one state, when called upon to enforce a judgment rendered in another, may examine into and decide upon the question of jurisdiction ; and if it appears that the party against whom the judgment was rendered was not within the state, nor bound by its laws, nor amenable to the jurisdiction of its courts, no credit will be given to the judgment. In *Borden* vs. *Fitch*, 15 *John. Rep.* 121, and *Andrews* vs. *Montgomery*, 19 *Johns. Rep.* 162, it was also held, that a judgment obtained in another state, against a person not being within the jurisdiction of the court, nor served with process within it, nor having appeared to defend the suit, could have no legal effect whatever, other than as a justification of whatever proceedings might have been had to enforce it in the state where it was rendered. But according to those cases, if it appears from the record, that the defendant was served with process within the state, or appeared and submitted to the jurisdiction of the court, he cannot impeach the judgment or deny its validity, in an action upon it, but it must be treated as absolute and conclusive upon him, until it is reversed or set aside. This is as far as a decision of the present case requires us to go, and beyond this we are not to be understood as expressing any opinion.

Judgment of the county court affirmed,

*Hall* for the defendant.

*Church* for the plaintiff.