AMOS HARTLEY *against* TUNSTALL, WARING AND BYRD.

ERROR *to Pulaski Circuit Court.*

Where the defendants in an action reside in different counties, the statute does not authorize each writ issuing to a county to contain the names of all the defendants in the suit.

The writ to each county can contain the names of no defendants other than those who reside in that county : and if each contains the names of all the defendants, they will be quashed on motion.

But a final judgment cannot on such motion be entered against the plaintiff.

And if the defendants are entitled to any judgment for costs, it can only be for such costs as they have expended, and not for the costs on the part of the plaintiff.

The plaintiff, in an action of debt instituted in the Circuit Court of Pulaski, declared against Thomas T. Tunstall, of the county of Independence, and Richard C. Byrd and George Waring, of the county of Pulaski, and sued out two separate writs of summons, each against all the defendants, one to the Sheriff of Pulaski, and the other to the Sheriff of Independence, both of which were executed more than thirty days before the return day; the former on Byrd and Waring in Pulaski, the latter on Tunstall in Independence.

At the return term, Tunstall, before either of the defendants had appeared to the action, moved the court to quash the writs; and his motion was sustained; and final judgment given that the writs be quashed, that the plaintiff take nothing by his suit, and that the defendants go hence, without day, and recover of the plaintiff all the costs in and about this suit expended.

ASHLEY & WATKINS, for plaintiff in error:

Upon the calling of the cause in the court below the defendants moved the court to quash the writs in the case, which motion was sustained, but upon what ground it is difficult to discern; and the only question for the consideration of the court is, whether the Circuit Court erred in sustaining the motion to quash the writs? The decision of this court in the case of *Womsley vs. Cummins*, 1 *Ark.* 125, was seized upon as authority to sustain the motion. I must be

permitted to observe that the decision in the case of *Womsley vs. Cummins* has had a most unhappy influence as a precedent for technicalties, tending to delay and embarrass the administration of justice. Without attempting to controvert the opinion of the court in that case, I proceed to enumerate the various points of difference between that case and the present one, in order to show that it is not applicable as authority, and that the judgment of the court below in this case is clearly erroneous.

The case of *Womsley vs. Cummins* was governed by the law of the Territory concerning joint and several actions; *Dig.* 312; and the court seemed to attach great weight to the phraseology of the law, which required that the separate summons or capias should be a *counterpart* of the writ issued to the county where the suit was commenced. So, that notwithstanding the succeeding section of the same law provided that where there are several defendants to any suit or action, some of whom are summoned or taken, and others not summoned or taken, the plaintiff shall be at liberty to proceed against those summoned or taken without regard to those not summoned or taken, &c; yet, that when Cummins quashed the writ to Washington county, against Martha Trimble *alias* Patty Riggs, it was also a quashal of the writ as to Womsley; or in other words, that Cummins could not discontinue as to one defendant and proceed against the other.

Now the law of the State, *Rev. Stat.* 620, *sec.* 5, under which this action was commenced, provides that when there are several defendants who reside in different counties, the suit may be brought in either county, and a separate writ issued to each county against such of the defendants as reside therein, and does not require that the writs should be counterparts, so that one hangs upon the other, but admits of the fair construction that the writs are so far separate that the one may be good and the other bad; as for *instance*, without a seal, or through carelessness, not signed by the clerk, or for misdescription of the parties—especially when taken in connection with the law concerning joint and several obligations and contracts, *Rev. Stat.* 475, which authorizes a plaintiff to sue on a joint obligation as if the same were joint and several; and with the subsequent section, 47, under

Hartley *against* Tunstall, Waring and Byrd.

the head of "practice at law," which provides that where there are several defendants in a suit, and some of them are served with process (which I understand to mean valid process) in time, and others not served in time, the plaintiff may discontinue as to those *not served* (which would be the case where there had been a timely service of invalid process) or not served in time, and proceed against those who are bound to appear or he may, &c., so that if one of the separate writs in this case be good, the quashal of both is erroneous, because the plaintiff below had the right, by law, to discontinue, as to Tunstall, and take judgment against Byrd and Waring, who were bound to appear.

But the plaintiff in error insists that each writ in this case is a good and valid writ, and sufficiently certain. The court will observe that in the case of *Womsley vs. Cummins* the writ against Martha Trimble, alias Patty Riggs, ran as follows:

" TERRITORY OF ARKANSAS, ⎱
" *County of Crawford*, ⎰ TO WIT:

" The United States, &c., to the Sheriff of the county of Washington, greeting : You are hereby commanded to summon Greenup Womsley and Martha Trimble, alias Patty Riggs, to appear before the Judge of our Circuit Court, at the court-house in the county aforesaid :" whereas in this case the writ to Independence county is more full and explicit, being as follows:

"STATE OF ARKANSAS, ⎱
" *County of Pulaski*, ⎰ TO WIT:

" The State of Arkansas, to the Sheriff of the county of Independence, greeting: You are hereby commanded to summon Thomas T. Tunstall, Richard C. Byrd and George Waring, if they are to be found, &c., to appear before the Judge of our Circuit Court of *Pulaski county*, at the court-house in the county *aforesaid*, on the first day of next *March term*, at a court to be holden on the second day of March next, then and there to answer, &c." Now it seems to me that this writ contains all the certainty that the law requires. According to the authority, the word *aforesaid* may well refer either to the county of Pulaski, as the venue stated in the margin, or to *Pulaski county*, its immediate antecedent in the body of the writ, which, in

16

either event, would make the writ good, *ut magis res valeat quam pereat.*

Again: this writ is regularly issued out of, and under the seal of the Pulaski Circuit Court Court. By express law of the land and universal usage, which every defendant is bound to know, every writ is returnable to the court from whence it issued; thus rendering certain the place where he should appear, to wit, before the Judge of our Pulaski Circuit Court, at the court-house in the county aforesaid. Again: the acts regulating the summons of the Circuit Courts are public acts, of which every individual and court is bound to take notice. For instance, in the Federal Court a defendant is summoned to appear at our next March term, without specifying when the March term commences, because the defendant is presumed to know it. In the case now before the court the only pretence of uncertainty is between the counties of Pulaski and Independence. Now by law the time of holding the Pulaski Circuit Court was the second day of March, it being the first Monday, and the Independence Circuit Court was not to be holden on that day.

In conclusion, if the writs in this case are submitted to the test of common sense and plain understanding, no disinterested man could be at a loss to know when and where and whom the defendants were summoned to answer.

BLACKBURN, *Contra:*

As the motion was a general one by consent, and does not set out the grounds upon which it was predicated, we are therefore driven to the writs to see what the irregularity was, that authorized the court below to quash them. The counterpart of the writ that was served on Tunstall is an exact and literal copy of the original, except, that it was directed to the Sheriff of Independence county, and commanded him to summon the defendants to be and appear before the Judge of the Circuit Court at the county aforesaid, &c.; the counties of Pulaski and Independence both appearing in the writ before this command, and the defendant could not know where to appear. There is evidently error in the issuing of the counterpart, because the place of holding the court is not sufficiently set forth, and the court was

right in quashing it. *Womsley vs. Cummins,* 1 *Ark. Rep.* 130, and the court said in the case just cited, that if the counterpart is bad "it must consequently extend to the other, and the dismissal or quashing of the process against the former must operate the same way upon the latter." And we will find that the principles there laid down will apply with redoubled force to the present cause. At common law, if there were more than two jointly and severally bound, the plaintiff must sue either one or all; 1 *Chit. Pl.* 30; 3 *T. R.* 782; *Bac. Abr. title Obligation (D)* 4; 1 *Saund.* 291, *C.;* and the plaintiff could not place himself in a better situation by suing all and discontinuing as to a part; for a "discontinuance as to one is a discontinuance as to all." 5 *Com. Dig.* 529, *title Pleader,* (*W* 3.) And the defendants in error contend that although there has been some statutory innovations upon the common law, that this cause is not the least changed thereby, and the counterpart having been served thirty days before the court and defective, the court could not suffer the plaintiff to discontinue as to Tunstall and take judgment against Byrd and Waring, for that would be in the face of that provision of common law, cited above from Com. Dig., and it is a necessary implication of law, that if the court adjudged that one of the parties was not in court, that the plaintiff was bound to have them to enable him to maintain his action against the other two; that the judgment of the court must extend to all; therefore the writs in this case were properly quashed, because this case does not come within the provisions of the 47th section of chap. 116, of the Revised Statute, p. 626, which says, when there are several defendants in a suit and some of them are served with process thirty days before the return term thereof, and others of them are not served in due time, the plaintiff may discontinue as to those not served, or not served in time, and prosecute against those that are bound to appear. If Tunstall had not been served at all, or not served in time, in either case the plaintiff might have discontinued as to him, and proceeded as to the others that were served, or he might have taken a new process against Tunstall; but even under the statute, if the plaintiff failed to take either a new process against those not served, his failing to proceed with his cause would discontinue it, and in this case, the plaintiff filed no motion to discontinue as to Tunstall, but awaited

the decision of the court on the defendants' motion to quash the writs, which motion was inseparable, and the court had to decide either for or against it.   The plaintiff in this case, elected to sue all three co-obligors, as he had a right to do, (although one of them resided in a different county,) by the 5th sec. of chap. 116, Revised Statutes, p. 620; his writ to Independence county having been served in due time, it was a judicial writ and good until adjudged bad by the proper tribunal, and it was amendable by the statute of jeofails; therefore, the plaintiff (after the defendant had filed his motion to quash) was bound to stand by it, and adjudging of it bad placed him out of court.

The statute passed 10th January, 1816, Pope, Steele, and Mc-Campbell's Dig. p. 312, and referred to by this court in the case of *Taylor vs. Conway, Auditor*, at the January term, A. D. 1840, was repealed by the 25th sec. of chap. 129, Revised Statutes, p. 697, and was not in force when this case was commenced in the court below, thereby leaving the case exactly as at common law, if the record does not show that it was within the 47th sec. of chap. 116, Revised Statutes; for this court said in the case of *Taylor vs. Conway, Auditor*, &c., "that statutory provisions *innovating* upon and changing the common law," the plaintiff, to avail himself of this special privilege, must present his case within the operation of the statute, "and must show by some proper averment," or from the face of his proceedings "upon every principle of law," so "as to exclude" his cause "from the operation of the general rule."   And upon this principle, if the statute had authorized the obligee to sue all, or as many of the obligors as he pleased, yet when he had once made his election, he must be bound by it, because it is not within the statute to discontinue, except in cases above mentioned, and if the statute does not authorize the plaintiff to discontinue, then the effect of a discontinuance is to be ascertained by the common law, and a discontinuance as to one is a discontinuance as to all.

Ringo, *Chief Justice*, delivered the opinion of the Court:

The question as to the validity of these writs depends mainly upon the construction to be given to 5th sec. of the 116th chap. of the Rev.

Hartley *against* Tunstall, Waring and Byrd.

St. Ark., which provides, that " where there are several defendants in a suit, instituted by summons or capias, and they reside in different counties, suit may be brought in either of such counties, and a separate writ may be issued to each county against such of the defendants as reside therein; and when a defendant in a suit instituted by attachment has property in several counties, separate writs of attachment may be issued to each county; and when there are several defendants in a suit, a capias may be issued against one or more of them that are liable thereto, and a summons may be issued against the others." The plaintiff insists that the writs in question are warranted by and issued in pursuance of statutory provisions. But, in our opinion they do not conform to the provisions of the statute, nor are they authorized by it, because the language used surely does not justify the conclusion that any of the separate writs, authorized by the statute to be issued, shall be issued against all of the defendants, but on the contrary, each separate writ, where the defendants reside in different counties, must, according to the express reading and evident design of the law, be issued against such defendants only as reside in the county to which the writ is issued, and if it were otherwise, all of the defendants might be harassed with the service of each separate writ, and be legally served several times with process to answer the same demand, and costs would, in any event, be increased if the practice of issuing writs as adopted in this case was authorized and established; and thus the defendants might be subjected to an additional burden and inconvenience both useless and illegal. We, therefore, are of the opinion that the writs were improvidently and illegally issued, and ought to have been superseded or quashed, on the motion of the defendants; and if the court had simply quashed or superseded them, the decision could not, in our opinion, have been questioned or disturbed. But the court, instead of stopping at that point in the proceeding, as it should have done, pronounced final judgment against the plaintiff, " that he take nothing by his suit, and that the defendants go hence, without day, and recover of the plaintiffs all the costs in and about this suit expended," which is, in every respect, both in form and substance, a judgment in bar of the action itself, and not a legal consequence from, or warranted by the premises. For, as the defendants

Hartley *against* Tunstall, Waring and Byrd.

had never appeared to the action, and were not parties to the suit legally before the court, so that a valid judgment could be pronounced against them even for costs, or so that their rights would have been bound by any adjudication upon the premises, of course no valid judgment could be rendered in their favor against the plaintiff. And it may not be improper to remark here, that the judgment for costs is rendered in favor of the defendants for *all* of the costs in and about the suit expended, when if they had been entitled to any judgment whatever for costs, it would have been legally rendered for such costs of the suit as had been expended by the defendants, without embracing also the costs on the part of the plaintiff. The judgment is therefore reversed with costs.