## CARTER, EX'R OF ELLIS, vs. MENIFEE.

Where oyer is craved of the letters testamentary of an executor, who sues, if he exhibits letters, granted by the clerk of probate, in vacation, and duly authenticated, the plaintiff's legal right to the debt sued for cannot be impeached, without showing a legal revocation of the letters, or such facts as are sufficient to prove that the grant of them was void.

DEBT, determined in Conway Circuit Court, in October, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. William Carter, as executor of the last will of Jane Ellis, sued Nimrod Menifee.

Carter *vs.* Menifee.

The declaration was in every respect sufficient, and contained a profert of the letters testamentary, granted to the plaintiff as executor of the last will and testament of Jane Ellis, deceased. The defendant appeared, and prayed oyer of the letters testamentary, which being granted by filing them with a copy of the will, he demurred to the declaration, and set forth specially, as causes of demurrer, 1st, that, by the plaintiff's own showing, he had no right to maintain this action; 2d, by the showing of the plaintiff, the last will and testament of Jane Ellis had never been duly proven, and probate thereof taken; and, 3d, the letters testamentary were altogether insufficient, in law, to authorize the plaintiff to maintain his action. The plaintiff joined in the demurrer, and the Court sustained it, and entered up a final judgment against the plaintiff.

*Ashley & Watkins,* for the plaintiff.

*By the Court,* RINGO, C. J.

We are at a loss to conceive upon what ground the demurrer was sustained; because, not only the letters testamentary, granted and issued, in proper form, to the plaintiff, by the clerk of the Probate Court of the county of Perry, in this State, but also a duly authenticated transcript of the will of the testatrix, was given and filed on oyer, and the former set out in the demurrer of the defendant; thus making the letters, if not the copy of the will, parcel of the plaintiff's pleading, and showing in him a legal right to maintain the action. The letters thus shown were duly authenticated, and appear to have been granted by competent authority; and they contain intrinsic evidence that the will had been proven and admitted to record in the county of Perry. These facts show in the plaintiffs a legal right to the debt mentioned in the declaration, which cannot be impeached without showing a legal revocation of the letters testamentary granted to him, or such facts as are sufficient in law to prove that the original grant thereof was void. No such thing was ever attempted to be shown, and therefore we entertain no doubt that the Court erred in sustaining the demurrer to the declaration.

Judgment reversed.