## HAINES ET AL. *vs.* McCORMICK.

Unless in case of urgent necessity, a writ attested on Sunday will be quashed.

Nor is it competent for the clerk to prove that the writ was in fact tested on a different day.

If a writ bears date on a day different from the one on which it, in fact issued, it should on motion be amended.

The error is merely clerical, and within the discretionary power of the court.

Parol testimony cannot be received to impeach the date of a writ.

DEBT in the Pope circuit court, determined in March, 1844, before the Hon. R. C. S. BROWN, one of the circuit judges. Haines and Darrah, partners, sued McCormick. At the return term McCormick appeared, and filed his motion to dismiss the suit, because there was no sufficient bond for costs filed previous to the institution of the suit. This motion was overruled. The record shows a good bond for costs, and that it was filed on the same day with the declaration. A motion was then filed to quash the writ, "because it was signed and sealed on the Sabbath day." This motion was sustained, and it was "therefore considered by the court here, that said defendant go hence without day, and be discharged of and from said plaintiff's declaration." The plaintiffs excepted, and set out in their bill of exceptions, that they proved by the clerk of the court who was duly sworn, that the writ was drawn, signed, and sealed on Saturday, the 9th day of December, 1843, and not on Sunday, the 10th day of said month, the day on which it bore date; and that the date was only a clerical mistake. The plaintiffs appealed.

*Cummins,* for plaintiffs. The quashal of the writ did not warrant the court in dismissing the suit and entering non-suit. *Hartley vs. Tunstall et al.* 3 *Ark. Rep.* 119.

*Blackburn,* contra.

*By the court,* SEBASTIAN J. There is but a single point to be decided in this case, and that is, did the court below err in quashing the

writ, because it was tested on the Sabbath.    We think it is clear that
it did not.    Our statute forbids the execution of process upon the Sab-
bath, unless in the special cases, it enumerates.    This raises a strong
presumption that ordinary process could not be tested on that day, but
even if it could, no writ, or process, according to the principles of the
common law, which we have adopted, could be tested, or any judicial
act done upon the Sabbath, unless in cases of urgent necessity; and
the present is not one of that class.    This principle is founded upon
the moral sentiment of a christian people, which all just governments
respect and obey.    It was not competent for the clerk to prove that
it was tested upon a day different from that named in the writ.    A
record or process of the court cannot be altered or impeached by pa-
rol.    If the writ bore test upon a day, other than the true one, the
plaintiff, by moving to amend the writ, should have been allowed the
privilege.    It was a mere clerical error within the discretionary power
of the court.    This he did not offer to do, but attempted to impeach
it by parol testimony which could not be done.    The decision in
*Hartley vs. Waring et al.*, 3 *Ark. Rep.* 119, proceeded upon the ground
that the judgment against the plaintiffs upon the quashing the writs,
was a bar to the action.    The judgment in this case was not of that
character and, although informal, was in 'effect only a dismissal of the
case.    Judgment reversed.