Mr. Justice Walker delivered the opinion of the Court. In this case the plain tiff brought his action of debt on a transcript of the récord of a judgment rendered against the defendant in the State of Alabama. The most important question presented for our consideration relates to the admissibility of parol evidence under the issue, which denies that the court of Alabama, at the time such judgment was rendered, had acquired jurisdiction of the person of the defendant. In the case of Barkman vs. Hopkins & McMechen, decided at the present term of this court, it was held that where the defendant was a non-resident of the State in which the judgment was rendered, and the court upon constructive notice under the statute of Louisiana, proceeded to render judgment against such defendant without personal notice or appearance by him, he might, when suit was brought against him on such judgment in this State, plead that the court had not acquired jurisdiction of his person in bar of such action. That decision, so far as it applies to the question before us, may be considered as decisive of the points raised in this. There is a marked difference in the facts of the two cases, which should_.be kept in view. In that case all the facts in the record might have'been true, and yet the plea, if true, is a good defence to the action. There by the return of the sheriff it affirmatively appeared that neither personal or constructive service was had on the defendant, unless service on Pratt, his partner, should under the statute of Louisiana be considered a contractive service. And it also affirmatively appeared on the record that the defendant did not voluntarily make his appearance in said case or offer any defence whatever. Proof therefore of the non-residence of the defendant was sufficient to relieve him from the effect óf such constructive notice without contradicting or in any manner derogating from the faith and credit due to the record itself. In this case a like plea was interposed, but the facts are essentially different. Here the sheriff’s return shows that personal service was had on the defendant and the record also shows that the defendant appeared and pleaded and that, upon the issue joined, a jury was called, and regular verdict and judgment thereon rendered. And the question is, may the defendant contradict the record in these respects by parol evidence, and show that, in fact, he was hot served with process as the sheriff had returned, and that he did not appear to said action and plead and defend, as the record states. The decisions of other courts are by no means uniform. The New York and Connecticut courts have held that the record so certified is conclusive only as to the facts of the case decided, but not as to such facts as tend to show that the court had acquired jurisdiction of the person of the defendant: and that these latter facts, although of record, may be contradicted by parol evidence. Such was the decision of Marcey, J. in the case of Starbuck vs. Murry, 5 Wend. Rep. 154. It is worthy of remark, however, that the New York courts had, before the decision of the case of Mills vs. Duryee, by the United States court, reported in 7 Cranch 481, taken strong grounds against the construction given by the court in that case, to the constitution and act of Congress, and since then have only partially concurred in it, whilst many of the other State courts have held such records in all respects to be entitled to the same credit and faith which they would have, if questioned in the courts where they were rendered; and not alone as to the facts at issue between the parties, but also as to the facts which confer upon the court jurisdiction of the person of the defendant. Hill & Cowan, having with great care collected the decisions upon this point in notes on Phillips’ Evidence, vol. 8, 913, remark, that, “notwithstanding some respectable opinions tot he contrary we venture to affirm that in order to give the constitution and act of Congress their legitimate effect, both principle and authority require that the judgment of a neighboring State should be treated in all respects as though the court before which it is brought were sitting and acting under the laws of the State where it was rendered, and if it would be conclusive there, it should be equally so in every other State.” And such also is held to be the true rule of construction by the United States court in the cases of Field vs. Gibbs, (1 Peters C. C. R. 155.) Green vs. Sarmeinto, (id. 74.) Warberton vs. Aikin, (1 McLean 460.) Lincoln vs. Tower, (2 id. 473.) Westervelt vs. Lewis, (id. 511); in Vermont, Hozier vs. Wright, (2 Verm. Rep. 263, 268): in Tennessee, Hunt vs. Lyle, (8 lerg. 142); in South Carolina, Hinton vs. Towns, (1 Hill, 439); in New Jersey, Curtis vs. Gibbs, (1 Pennington 395); in Illinois, Swigart vs. Harbers, (4 Scam. 364,) and in Ohio in the case oí Lagrange vs. Ward, (11 Ohio 257.) These authorities, we think, are decisive of the construction to be given to the constitution and the act of Congress under it. The next inquiry then is, could the defendant (if this be true) introduce parol evidence to prove the sheriff’s return false in the court where the judgment was rendered? That he would not be permitted to do so, we think evident from both English and American authorities. Thus in Com. Dig. vol. 7 it is said “ The return of the sheriff is of such high regard that generally no averment shall be admitted against it; as if A be returned to be outlawed, he cannot say that he was quarto or quinto exactus. If a sheriff returns issues upon B it cannot be averred by A, to save the issues, that his name is notB.” Nor can averment be taken against the sheriff’s return. (15 Cart. 378. The Planter’s Bank vs. Walker, 3 S. & M. 421. 3 Mass. Rep. 393. 1 Litt. Rep. 17. 3 id. 467. 4 Mon. Rep. 399.) And in the ease of Taylor vs. Lewis, (2 J. J. Mash. Rep. 400,) the court say, “ where the plaintiff at law acts in good faith and the sheriff returns the process executed, when in truth it never was, the return is conclusive against the defendant in favor*of the plaintiff. If the sheriff acts contrary to his duty be is responsible to the party injured.” This case is decidedly in point. The evidence offered went to prove that Lewis was not in the county at the time the writ purported to have been served, yet as is shown above the court refused to permit parol evidence to be introduced to contradict the return. And we think it equally clear that the facts stated in the record are alike conclusive. We have heretofore held in the case of Haines vs. McCormack, (5 Ark. Rep. 663,) that, “ A record or process of the court could not be altered or impeached by parol.” Nor is it admissible to change the effect of an entry on the docket. (Ellis vs. Madison, 1 Shepp. R. 312.) Nor in a case where an action is pending in one court, is it admissible to supply a defect in the record of another by stating that an order was made or a proceeding had in the court, which the clerk, through mistake or by neglect, omitted to enter on the record (4 Iredell 140.) Nor where it appears from the record that process has been served on the defendant,”or that he appeared in the suit, can he be permitted to question the facts by plea. (Lincoln vs. Tower, 2 McLean's Rep. 473.) Facts on the recoi’d necessary to give jurisdiction, cannot be contradicted. Westervelt vs. Lewis, 2 McLean's Rep. 511. Field vs. Gibbs, 1 Peters C. C. Rep. 155. Green vs. Sarmeinto, id. 74. Hosier vs. Wright, 2 Verm. Rep. 263. Buck vs. Abbot, 6 id. 591. Hinton vs. Towns, 1 Hill. S. C. Rep. 439, and Hunt vs. Ryle, 8 Yerg. 142. And if it be true (of which we have no doubt) that the transcript of the record is entitled to the same faith and credit and is alike conclusive upon the parties, as the original record is, in the court where it was rendered, and that in the court where rendered, neither the return nor the record showing an appearance and defence, can be contradicted by parol, it follows inevitably that parol evidence is inadmissible to contradict either the return or the record in these particulars when a transcript of the record is certified to another State and offered as evidence there. In the case of Lincoln vs. Tower, (2 McLean 473,) above referred to, the opinion of Mr. Justice Marcy in 5 Wend, is reviewed and a directly contrary doctrine held. In that case, as in this, the record showed the apearance of the defendant and the question was, whether a plea could be sustained or parol evidence offered to contradict the record. The court in concluding its opinion said, “ But we think that the facts material to the case and which appear in the record, cannot be controverted. If from these facts it appears that the court had no jurisdiction over the person of the defendant, the judgment will be disregarded. And we see no objection to pleading such facts as go to restrain the effect of the judgment but do not contradict the record in a material part. Of this character, as before remarked, would be a plea showing that the notice could only affect the property of the defendant, not his personal liability. Without deciding whether the want of notice could not be shown under the plea of nul iiel record, it is enough to say that in no form of pleading can the defendant deny the service of process or his appearance, which is in the present case matter of record.” Records are presumed to be truly kept and to import absolute verity on their face. The court is as competent to determine whether the defendant did in fact appear and defend as it is to determine any other fact of record, and the return of the sheriff is as conclusive of the fact of personal service on non-resident as resident defendants. Suppose a resident defendant should appear at the return of the writ and offer to prove that the return was false, we have seen that he could not be permitted to do so, and for the same reason, non-resident defendants should not; they occupy in this respectthe same position, the judgment is in either event rendered without notice and affects their rights in a legal point of view to the same extent. The record in the case before us affirmatively showed that the circuit court of Alabama had acquired jurisdiction of the defendant, both by personal service and appearance, and the court correctly refused to permit the defendant to introduce evidence to contradict the record in these particulars. It is only where the facts necessary to sustain the plea do not contradict the record, that the plea can be successfully interposed ; as in the case of Barkman vs. Hopkins &c., where the court of Louisiana acted on constructive notice, which might or not affect the defendant, dependent on the fact of his residence, whether or not within the jurisdiction of the sovereign power of the Legislature of the State where the judgment was rendered. It is next contended that the slave was the property of the plaintiff, after as well as before the judgment; that he died the property of the plaintiff and therefore his. death was, so far as the recovery was for the value of the slave, a satisfaction of the judgment. We think the rule should be restricted to the death, of the property before, not after judgment. After judgment the liability of the defendant had become fixed; a wrongful detention had been adjudged against him and the defendant no longer stands in the attitude of a bailee for the plaintiff without default. He can, in such case, only satisfy the judgment of the court by an actual satisfaction, not an excuse for not having satisfied the judgment. The objection to the sufficiency of the judge’s certificate is not sustained in fact by the record. It does state that the clerk’s certificate is in due form of law. The record is well authenticated. The point raised in regard to the statute of Alabama has been settled by the court in the case of Clark vs. The Bank of Mississippi, (5 Eng. 516.) The objection to the statute thus authenticated was properly overruled. Finding no error in the judgment and decision of the Union circuit court, the same is in all things affirmed.