Gist, &c., v. Smith.

CASE 73—EQUITY—MARCH 6.

# Gist, &c., v. Smith.

APPEAL FROM HENRY CIRCUIT COURT.

1. There is a plain distinction between a provision in a statute that a contract for interest above a certain rate shall be void as to the entire interest contracted for, and a provision that the entire interest shall be forfeited.

2. A forfeiture may be waived by a party in whose favor it is declared; and money paid upon a contract which the obligee might have resisted as a forfeiture, is presumed to have been paid, because the person paying elected to waive the forfeiture.

3. Money paid upon a contract declared by statute to be void is not paid under any contract at all. There is no consideration, and it may be recovered back by the payor.

.D. W. LINDSEY FOR APPELLANT.

1. The statute clearly provides that if more than ten per centum per annum be charged, the entire interest agreed to be paid shall be forfeited.

2. There is no question that Gist agreed to pay, and appellee agreed to receive, a higher rate of interest. (Sess. Acts 1871, vol. 1, 62.)

·CARROLL & BARBOUR FOR APPELLEE.

1. To constitute usury there must be a corrupt agreement to pay and receive an illegal rate of interest for the loan or forbearance of money. The proof in this case does not show any such agreement. (Beadle v. Manson, 30 Conn., 175; 3 N. Y., 1; 9 Ib., 52; 23 Howard, N. Y., 476; Rowland v. Bull, 5 B. M., 146.)

---

---

2. The act of 1871 and the Revised Statutes are the laws of this case.
3. The forfeiture, if any occurred, was waived by Gist's payment of the interest to the appellee.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

There is some controversy in this case as to the facts, but for the purposes of this opinion we shall assume the facts to be as claimed by the appellants.

In November, 1872, W. L. Gist borrowed of Jacob S. Smith the sum of $3,748.70, and executed his note for $3,835, bearing ten per cent. interest from date, and payable in one year.

Gist paid on the note, March 1, 1874, $692.50; March 1, 1875, $540, and in January, 1876, $3,755.20.

The note embraced $86.30 in excess of the sum loaned, and interest was paid on the amount of the note at ten per cent. per annum from the time the loan was made until the debt was discharged in full by the payment made in January, 1876.

Gist transferred to his wife his supposed right to reclaim the usury paid to Smith, and thereupon Gist and wife brought this suit.

They claim that, as the interest paid and the amount deducted from the note exceeded ten per cent. on the amount loaned for the period during which the loan was continued, the whole interest was forfeited, and that they are entitled to recover back all that was paid in excess of the sum actually loaned.

The court below gave them a judgment for the excess paid over ten per cent., and not content with that, they prosecute this appeal.

The loan was made while the conventional interest law of March 14, 1871, was in force.

Gist, &c., v. Smith.

That act made it lawful to contract, in writing, for the payment of any rate of interest for the loan or forbearance of money not exceeding ten per cent.

But section 5 provided: "That if any rate of interest exceeding the rate authorized by the first section of this act shall be charged, the whole interest shall be forfeited; and if the lender in such usurious contract refuse, before suit brought, a tender of the principal without interest, he may, in any suit brought on such contract or assurance, recover the principal, but shall pay the cost of such suit."

Counsel for Smith contend that the statute, although it declares that if more than ten per cent. interest be contracted for, the whole interest should be forfeited, does not declare the contract for interest to be void, and that the contract not being void, but only subject to forfeiture, the forfeiture may be waived, and is waived, unless it be taken advantage of in the mode pointed out in the statute, *i. e.*, by a tender of the principal before suit brought.

We cannot accept the conclusion reached as correct. To so construe the statute would be to render the provision for a forfeiture of the interest of no practical benefit.

By the express words of the statute, the tender provided for must be made before suit is commenced. Suit may be commenced on the day succeeding that on which the debt falls due, and the debtor has no right to pay before the day on which the debt falls due; so that, in order to take advantage of the forfeiture, he must see the creditor on the very day the debt matures and tender the money. This would be often impracticable, and the debtor will so generally be unable to make the tender that we cannot suppose the legislature intended to make the right to insist upon the forfeit-

ure depend upon a tender of the principal on the very day
the debt matures.

Usury laws are made to protect the weak against the
strong, and should not receive a construction which will
deprive all persons of their protection, except such as may
be able to meet their engagements on the day of their
maturity.

Moreover, the language of the act clearly indicates that
the only purpose of the provision in regard to tender was
to subject the usurer who should refuse the principal, when
tendered, to the cost of the suit in addition to the forfeiture
of all the interest.   The language is, "the whole interest
shall be forfeited;" *and* if the lender, &c., refuse, before suit
brought, a tender, &c., he "shall pay the cost of such suit."

Counsel next contend that a voluntary payment is a waiver
of the forfeiture, and that Gist, having paid the debt and
interest, cannot recover back more than the excess over ten
per cent.   In this we think they are right.

There is a plain distinction between a provision in a stat-
ute that a contract for interest above a certain rate shall be
void as to the whole interest contracted for, and a provision
that the whole interest shall be forfeited.

A forfeiture may be waived by the person in whose favor
it is declared, and money paid upon a contract which the
obligee might have resisted as forfeited should be presumed
to have been paid, because the person paying had elected
to waive the forfeiture.

But money paid upon a contract declared by statute to be
void is not paid under any contract at all, it is paid without
consideration, either good or valuable, and may be recovered
back, unless the transaction is of such a character that the

law will not aid either party, which is not the case as to one who pays usurious interest.

Wherefore, the judgment is affirmed.