## P. G. BUNGER *v.* A. P. HART.

[Abstract Kentucky Law Reporter, Vol. 3—518.]

**Usury.**

> If any rate of interest exceeding the rate authorized by law shall be intentionally charged, the whole of the interest must be forfeited.

**Forfeiture on Account of Usury May Be Waived.**
> The forfeiture of all interest on account of a charge of usury may be waived; but where a defendant defaults and fails to set up by a pleading the grounds for a forfeiture, he waives his right and the court is not authorized to adjudge the whole interest forfeited.

### APPEAL FROM HARDIN CIRCUIT COURT.

January 10, 1882.

OPINION BY JUDGE LEWIS:

The judgment rendered in this case does not belong to the class provided for by Buckner & Bullitt's Civ. Code (1876), § 763, as contended for by counsel for appellee; and it was not, therefore, necessary that a motion in the court below to set aside or modify it should have preceded this appeal.

Previous to the execution of the note upon which judgment was rendered the conventional rate of interest had, by Gen. Stat. (1873), Ch. 60, Art. 2, § 1, and also by Ch. 22, § 15, been fixed at ten per cent. It was also provided by Ch. 60, Art. 2, § 4, which is almost identical with Ch. 22, § 18, that if any rate of interest exceeding the rate authorized by the two sections just referred to shall be intentionally charged the whole interest shall be forfeited.

By 1 Acts 1876, Ch. 704, Ch. 60 was amended by striking out "ten" and inserting in lieu thereof the word "eight," and by a further provision of the act all laws or parts of laws in conflict therewith were repealed. But Ch. 60, Art. 2, § 4, as well as Ch. 22, § 18, were left unrepealed. So at the date of the note the conventional rate of interest was eight per cent. per annum, and the whole interest was subject to be forfeited when a greater rate than eight per cent. was intentionally charged.

Counsel for appellant contends that the rate of interest charged in this case, as appears by the face of the note, being ten per cent. and exceeding the rate authorized by law as it then was, the whole interest should have been adjudged by the court below forfeited. In support of that position the case of *Evans v. Chapel*, 13 Bush (Ky.) 121, is referred to. It is true that this court in that case held that, a greater rate than authorized by the conventional interest law having been charged, the whole interest contracted for was thereby forfeited. But it was not intended by

this court to announce the doctrine that the forfeiture should be pronounced by the court in the absence of a plea by the debtor, or that he might not waive the forfeiture. If so, he would not now be prepared to sustain it. In the later case of *Gist v. Smith,* 78 Ky. 367, this court expressly decided that the forfeiture might be waived, and made a plain distinction between the provision of a statute by which a contract for interest above a certain rate should be void as to the whole interest contracted for, and a provision that the whole interest should be forfeited.

As the defendant in the action, though duly summoned, made default, the court below was not authorized to adjudge the whole interest forfeited. But the court erred in giving judgment for a greater rate of interest than six per cent., and for that error the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Montgomery & Marriott, for appellant.*

*H. T. Nelson, for appellee.*

[Cited, *Bitzer v. Mercke,* 111 Ky. 299, 23 Ky. L. 670, 63 S. W. 771.]