*16 Opinion of the Court.
THE lands of the appellee were sold on a credit of twelve months, and purchased by the appellant, Carr; who gave his bond for the purchase money, with security. A notice was given to Carr and the plaintiff in the execution, of his motion to quash the sale and bond, stating various errors of law and fact, which need not be recited, as on the trial the appellee relied on the following grounds alone:
First—The land was bid off by Bolin, the security in the bond, and before the bond was given, Bolin gave up the benefit of the sale to the appellant, Carr, and directed the sale to be returned in his name. Carr, accordingly, gave bond for the purchase money, as principal, with Bolin as security. Secondly—That the sale and bond was unconstitutional, and therefore, void.
The court below sustained the last point and quashed the bond ; from which decision, the plaintiff in the execution, and the purchaser prayed this appeal.
1. The security in the bond was introduced as a witness, who proved the facts relied on, in the first of the reasons assigned for quashing the execution. We concur with the court below, in overruling this ground as untenable. For admitting it to be competent for the appellee to prove the facts relied on, we cannot see any gross impropriety in the bidder at a *17 sale, before he has given his bond, or closed the transaction, directing the sale to be in the name of another; or in the sheriff permitting such exchange to be made, and acting accordingly; far less, can we discover any injury resulting to the appellee, by the transaction. Here the purchaser did not refuse to take the article purchased ; in which case, it might have been the duty of the sheriff to re-sell; but he adheres to his purchase, and directs the benefit of it to pass to another, and that person to stand as the purchaser and comply with the law, which was done ; so that the appellee, Carr, became the purchaser before the transaction was ended. At all events, such a proceeding ought not to prejudice or affect the rights of the plaintiff in the execution, who does not appear to have been privy thereto. His interest ought not to be jeopardized unnecessarily, by an act between the purchaser and the officer, which did not prejudice the defendant in the execution.
The bond and the sheriff’s return is conclusive as to the fact who was the purchaser; and evidence tending to show that another was, or the person there stated to be the purchaser was not, is inadmissible on a motion to set aside the sale.
If laws allowing property executed to be sold on a credit, are unscontitutional, they do no injury to the debtor; consequently, a sale made under them cannot be set aside on his application, nor the bonds given for the purchase money, quashed.
*17 2. But we, by no means, admit that the testimony was competent. The bond recited, and the sheriff returned the fact, that Carr and not Bolin, was the purchaser. The appellee was party to this execution, and ought to be concluded by the return of the sheriff, in all contests between him and the plaintiff in the execution, as was held by this court at the last term, in the case of Smith vs. Hornback, and others. This we conceive to be a sound general rule ; and one necessary to secure the rights of the parties, and give validity and effect, to the acts of the ministerial officers, leaving the party injured to his redress, by an action for a false return. The court, therefore, properly overruled this ground.
3. In considering the ground sustained by that court, it will be necessary to enquire, first, whether it could avail the appellee, however true it might be in point of law. We are aware, that some decisions in subordinate courts, have taken place, declaring such sales on credit, directed by the legislature, after the date of the original contract, and indeed after judgment, and the expiration of the replevin bond, to be unconstitutional, on the ground, that either the obligation of the original contract, or of the replevin bond, was impaired by such a legislative provision ; but we cannot conceive that the objection is valid, in the *18 mouth of the defendant in the execution. For let it be conceded, for the sake of argument, without expressing any opinion upon the subject,) that the constitution of the United States or of this state, is violated by the law in question, and that private rights, secured by these instruments, are infringed ; whose rights are affected by it? Certainly not those of the debtor ; for the law is passed, and operates exclusively for his benefit. Instead of being compelled to discharge his debt, according to the terms of the original contract, the judgment or the replevin bond, longer indulgence is given him if he can replevy the debt again, or his estate is sold on a credit, whereby the value is enhanced, and he is protected against sacrifices. If he is not disposed to embrace such generous terms of relief, tendered to him by the legislature, he could easily waive them by discharging his debt, or directing the estate to be sold, or rather selling it himself, without such credit. This the present debtor does not choose to do. He leaves the plaintiff and the officer to act under these provisions so favorable to himself, and then destroys the proceedings, because he was favored, leaving the creditor either without any remedy, or driving him to one more ruinous to himself. On the contrary, the rights of the creditor alone are injured, and he alone can complain, if any body can, that his guaranteed privileges are taken from him, at the expence of the constitution, which protects them. He, in this case, does not complain. He takes the debtor at his own terms of indulgence, and acts accordingly ; and yet the debtor is permitted to become the guardian of his rights, and to refuse to allow him to act with as much leniency as the act in question demands. It is a good general rule, that it is competent for any person, to whom rights and privileges are secured, to waive them, if he chooses; and we conceive that the creditor could in this instance, waive the right of the immediate recovery of his debt, which it is contended the constitution has secured, and to accept of the more prolix and tardy provisions of the law. This we conceive the plaintiff in the execution, as well as the purchaser, has done; the one, by the acceptance of the bond, and the other, by adhering to the purchase, and contending for the validity of the sale and bond, both in this court and the court below. It would, there *19 fore, be improper to permit the debtor to avail himself of that which could not affect him, but could only prejudice his adversary ; and the court below erred in quashing the bond, for this reason, at his instance.
The judgment must, therefore, be reversed with costs, and directions to the court below to overrule the motion with costs.