## ELIAS DEJARNETT *vs.* THOMAS HAYNES.

It will be sufficient for a party in an action of trespass, in order to sustain his action, to show that he has an actual exclusive possession of the land upon which the alleged trespass was committed; if he have not such possession, he may maintain his action by showing title; and it may then be laid down as a rule, almost without exception, that the plaintiff in trespass upon land, to sustain his action, must either prove an actual possession of, or a title to, the land.

The defendant below offered to read in evidence to the jury two tax deeds, made by the collector of taxes of Noxubee county, to F. and A., and a quit-claim deed from them to defendant. These deeds embraced the land described in the action, but the court rejected them as evidence, because the defendant did not first show that the collector had complied with the law in making the sales, deciding, at the same time, that the act of 1848, making tax deeds *primâ facie* evidence of a purchaser at a tax sale, having acquired a title, and of his right to convey, was unconstitutional. *Held,* that the defendant could only resist the action either by showing title in himself, or by showing that the plaintiff had no right to prosecute his action; and to this extent, as against the plaintiff, the deeds were competent evidence to go to the jury.

The lands in the deeds were assessed as the property of H. and G., and on default of payment of taxes they were sold by the collector, and the plaintiff below has not shown that he claims either possession or title under H. and G. *Held,* that no constitutional question can arise to entitle a party to insist upon the unconstitutionality of law, upon the ground that it affects or impairs rights, until it is shown the party has rights.

The plaintiff below has not shown that he possesses any title or right under H. and G., and he has, therefore, failed to exhibit to the court any right that could be invaded by the legislature. No one but the party or person claiming under him whose right is invaded by an act of the legislature, can plead its unconstitutionality.

It does not appear by the record that the jury were sworn to try the issue, but to try causes. *Held,* this was error.

IN error from the circuit court of Noxubee county; Hon. A. B. Dawson, judge.

Dejarnett *v.* Haynes.

The facts of the case are sufficiently stated in the opinion of the court.

*George H. Foote,* for appellant.

*Guion & Baine,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of debt, under the statute affixing a certain value to certain trees alleged to have been cut and carried away by the defendant below from the land of the plaintiff. The issue was *nil debit,* in short by consent.

On the trial the plaintiff below proved by a witness, that the slaves of the defendant cut down and carried away from the lands described in the declaration, seventy trees, not stating the kind of trees ; that the witness informed the defendant that he was cutting wood on the plaintiff's land, when the defendant replied that he did not care if he was, that he was able to pay damages ; that witness and defendant went to the house of the plaintiff, who read to the defendant a title-deed to the land, when defendant again made the same reply, that he did not care, that he was able to pay damages. It was also proved, that the land was not inclosed ; that plaintiff had claimed since 1844 ; but it is not proved that the plaintiff was in the actual possession of the land.

This is, in substance, the plaintiff's evidence. While it may be true that debt is, under the statute, the appropriate remedy in a case like the present, yet we must look to the rules of evidence in actions of trespass in similar cases, to govern us in the case now before us. It will be sufficient for a party in trespass in such case, to sustain his action, to show that he has an actual exclusive possession of the land upon which the alleged trespass was committed. If he have not such possession, he may maintain his action by showing title. It may then be laid down as a rule almost without exception, that a plaintiff in a trespass to land, or upon land, to sustain his action must either prove an actual possession of, or a title to, the land.

Applying these rules to the case now under consideration, our first inquiry is, what the plaintiff has established, and the character of the evidence introduced. It cannot for a moment be contended that he has proved a title to the land, or that there is any certain or direct evidence tending to prove possession ; it is not, however, our intention to say that regarding the evidence in the light of mere circumstantial evidence, it was not sufficient for this purpose. But so far as proof of possession in the plaintiff is concerned, it is entitled to no higher grade than circumstantial evidence. Thus much we have thought it proper to say about the testimony of the plaintiff, to enable us more fully to understand the action of the court in excluding the evidence of the defendant from the jury.

The defendant offered to read two tax deeds, made by the collector of taxes of Noxubee county, in March, 1843, to Foote and Ames, and a quit-claim deed from these persons to the defendant. These deeds embrace the land described in the declaration, and by which it appears, that one eighth of the land was assessed as the property of David Hubbard, and the other eighth as the property of David Green, and was sold in March, 1843, on account of a default by these persons in paying the taxes on said land. This evidence was rejected by the court, on the motion of plaintiff, unless the defendant would first show that the collector had complied with the law in making said sales, and on the ground that the statute of 1848, making said deeds *primâ facie* evidence of the purchaser at a tax sale having acquired a title, and of his right to convey, was unconstitutional. This testimony was offered to rebut the testimony offered by the plaintiff. The plaintiff having offered *nothing* but circumstantial evidence, it was competent for the defendant to rebut it by evidence of the same character. The defendant could resist the action, either by showing title in himself, or by showing that the plaintiff had no right to prosecute the action. To this extent as against the plaintiff the deeds were competent, and should have been read to the jury. We do not say that they were sufficient to defeat a recovery, but they were proper to go to the jury, to be by them considered in connection with the plaintiff's evidence.

Dejarnett *v.* Haynes.

It is urged by the counsel for the plaintiff below, that the statute of 1848, making tax collectors' deeds *primâ facie* evidence in certain cases, is unconstitutional; and that, therefore, the court did not err in excluding the evidence offered by the defendant.

We have already stated what these deeds show; that the land therein was assessed as the property of Hubbard and Green, and on default of payment of the taxes by them, it was sold by the collector. The plaintiff has not shown that he claims either possession or title under Hubbard and Green.

Under this statement of the case, no constitutional question can arise. To entitle a party to insist upon the unconstitutionality of a law, on the ground that it affects or impairs a right secured to him by the constitution, he must first show that he has the right. What right can be affected by the law in this case? We answer, only the title of Hubbard and Green. Has the plaintiff shown that he has acquired either their title or possession under them? Certainly not. He has therefore failed to exhibit to the court any right which could be invaded by the legislature. No one but the party or a person claiming under him, whose right is affected by an act of the legislature, can plead its unconstitutionality.

It does not appear by the record that the jury were sworn to try the issue joined, but to try causes. This was error.

We are therefore of opinion that the court erred in excluding the defendant's evidence.

Judgment reversed and cause remanded.