CASE 29—PETITION EQUITY—SEPTEMBER 17.

## Sullivan, &c., v. Berry's Adm'r.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. CONSTITUTIONAL LAW—JUDICIAL SALES—REDEMPTION.—The constitutionality of a statute can not be questioned upon the ground that the statute impairs the obligation of contracts, unless the rights of the person raising the question have been invaded by the statute.

Sullivan, &c., v. Berry's Adm'r.

Therefore, although the statute which provides for the redemption of property sold by commissioner under decree is, as between the debtor and his creditor, unconstitutional, in so far as it applies to sales for debts created prior to the enactment of the statute, the purchaser at such a sale can not complain that the statute is unconstitutional, and object to the sale of the equity of redemption upon that ground, as the obligation of no contract was impaired by the statute so far as he is concerned.

2. PREJUDICIAL ERROR.— A purchaser of land at judicial sale is not prejudiced by the failure to describe the land in an order for the sale of the equity of redemption, even if such an omission be error.

JOHN L. SCOTT AND JOHN SMITH FOR APPELLANTS.

1. The act of April 9, 1878, providing for the redemption of lands sold under decree is unconstitutional in so far as it applies to sales for debts created prior to the passage of the act. (Constitution of United States, article 1, subsection 1; Thweatt, &c., v. Bank of Hopkinsville, 81 Ky.)

2. In petition for rehearing counsel contend that all unconstitutional acts are *void* and not merely voidable, and cite: Bouvier's Law Dictionary, vol. 2, word " Unconstitutional;" Kent's Commentaries, vol. 1, pages 457-8; Dartmouth College v. Woodward, 4 Wheaton, 518; Fletcher v. Peck, 6 Cranch, 87; Rapalje's Law Dictionary, words " Unconstitutional," "Void" and "Voidable;" Grayson v. Lilly, &c., 7 Mon., 11; Lapsley v. Brashears, 4 Litt., 34; Ogden v. Saunders, 12 Wheaton, 213; Blair v. Williams, 4 Litt., 47; Berry v. Ransdall, 4 Met., 294; Hepburn v. Griswold, 2 Duv., 44; Auditor v. Adams, 13 B. M., 159; Garrard v. Nutall, 2 Met., 107; Auditor v. Cochran, 9 Bush, 9; Kibby v. Jones, 7 Bush, 244; Pearce v. Patton, 7 B. M., 168; Turnpike Road Co. v. Ballard, 2 Met., 169; Head v. Ward, 1 J. J. M., 284; Constitution of Ky., article 13, section 30; Stidger v. Rodgers, Sneed's Rep., 52; Enderman v. Ashby, *Ibid.*, 53; Bliss v. Commonwealth, 2 Litt., 94; Terrell v. Rankin, 2 Bush, 461.)

C. W. LESTER FOR APPELLEE.

Whether or not a right of redemption *in fact* existed, appellants have no right to complain, as they bought knowing that the sale was being made subject to the debtor's right to redeem. Moreover, the act of April 9, 1878, does not impair any security which they had at the time of its passage, and they will not be heard to complain that it is unconstitutional.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In this action to settle the estate of Nathan Law-

son, deceased, a decree was entered in May, 1880, to sell the decedent's lands for the payment of debts created prior to the passage of the act of the Legislature of April 9, 1878, by which the redemption of land sold by a commissioner under a decree was authorized, when it did not bring two-thirds of its appraised value.

The judgment did not direct that it be sold subject to an equity of redemption; it is silent upon this point; and the commissioner, after having it properly appraised, sold it on July 19, 1880, the appellants becoming the purchasers at less than the indebtedness, and also at less than two-thirds of the appraised value. The sale was confirmed in October, 1880, but no deed has ever been made to them.

In May, 1881, another judgment was rendered, directing the sale of the equity of redemption; and under this judgment, to which the appellants objected, it was sold, and purchased by other parties.

The sale having been reported to the court, it was confirmed over the exceptions filed by the appellants, who objected to it and the decree under which it was made, upon the ground that the act *supra* was unconstitutional, so far as it, by its terms, was made applicable to debts created prior to its passage.

In the case of Collins v. Collins, 79 Ky., 88, this identical question arose, *but between the debtor and his creditor;* and it was held that the act was unconstitutional so far as it related to debts created prior to its passage.

The opinion was based upon the fact that it was

not a mere regulation of the *remedy*, but that it affected the *right* of the creditor; that it did not merely provide how the remedy should be employed, but that it decreased its value by providing that what was before an absolute sale should be but a conditional one; thus giving the debtor an equitable right which he did not have when the contract was made, and falling within the constitutional inhibition against laws impairing the obligation of contracts.

In this instance, however, neither the creditor nor the debtor is complaining. The sale of the equity of redemption benefited both, and aided to pay the indebtedness of an insolvent estate. The appellants purchased when they were bound to take notice of the law in question, and then, for the first time, acquired any right to the land or interest in the matter. The obligation of no contract was impaired, so far as they are concerned, which existed when the Legislature enacted the law. It is true that the law existing when a contract is made enters into it as an integral part of it; but this is available only to the parties to it, or those who become interested in the enforcement of the obligation arising out of it. The appellants were not parties to, nor had they any interest in, the indebtedness, which was created prior to the passage of the act, and which was enacted prior to their contract of purchase.

They are, therefore, not in a position to complain. The owner of a particular estate could as well be heard to complain that an act of the Legislature is unconstitutional, because it divests the remainderman of his right.

Mr. Cooley, in his work on Constitutional Limi-
tations, page 197, says: "*Prima facie*, and upon the
face of the act itself, nothing will generally appear
to show that the act is not valid, and it is only when
some person attempts to resist its operation and calls
in the aid of the judicial power to pronounce it void
as to him, his property or his rights, that the objec-
tion of unconstitutionality can be presented and
sustained. Respect for the Legislature, therefore,
concurs with well established principles of law in
the conclusion that such an act is not void, but
voidable only; and it follows, as a necessary legal
inference from this position, that this ground of
avoidance can be taken advantage of by those only
who have a right to question the validity of the
act, and not by strangers."

It is also urged that the judgment ordering the
sale of the equity of redemption must be reversed
because it does not describe the land.

It is true that a decree directing the sale of land
should so describe it as to enable the commissioner
to act without reference to any other paper or plead-
ing in the case. In this instance the commissioner's
report of the assets of the estate, and also the first
judgment of sale, specifically describe the land; but
the judgment ordering the sale of the equity of
redemption simply says: "This court's master com-
missioner is hereby directed to make sale of the
redemption in and to said land, same being de-
scribed by metes and bounds in said former order,
to which said court is referred for boundaries."

It had already given the date of said former judg-

ment; and waiving the question whether the last judgment should not be considered a continuation merely of the first one, and the land, therefore, sufficiently described, we are of the opinion that the appellants, as purchasers under the former decree, are not in a position to make this question.

Judgment affirmed.

JUDGE HOLT delivered the response of the court to petition for rehearing.

After a careful consideration of the petition for a rehearing and an examination of authorities, we think the opinion heretofore delivered is correct, both upon the merits and the law of this case.

The commissioner had the land appraised prior to the sale. This was certainly done in view of its redemption. It is to be presumed that the appellants knew that it had been done, and had notice of the record in his hands when the sale was made. They have said nothing to the contrary. The report of the sale stated that the land had been appraised before it was made, and the appraisement was returned with it.

Under these circumstances, it may fairly be presumed that the appellants, who purchased the property for less than two-thirds of its value, and who will, in any event, get back their money, bought it subject to a right of redemption. If they did not, it is singular that they have not said so.

The alarm of counsel at the opinion arises from a misapprehension of it. It is erroneously assumed

that it holds that an unconstitutional legislative act is only *voidable* and not *void*. It is not based upon such a ground. This impression was doubtless created in the mind of counsel by these words, relating to an unconstitutional act, in the quotation in the opinion from Cooley's Constitutional Limitations: "Respect for the Legislature, therefore, concurs with well established principles of law in the conclusion that such an act is not *void*, but *voidable* only." It is shown in the text that it is not the language of Judge Cooley; and the entire quotation, as given in the opinion, is that of Chief Justice Shaw, used in the case of Wellington *et al.*, 16 Pick., 87; but even it substantially says, that when the objection of unconstitutionality is properly presented and sustained, that then the act should be declared void.

The word "*voidable*" was doubtless used by the distinguished judge in the sense that the effect of an unconstitutional act may be avoided, by reason of its being void, by one who has a right to question it, the burden being upon him to show its unconstitutionality. He may have placed himself in such a position that he has no right to say that the act is invalid, or to ask the interposition of a court for this purpose. For instance, if it unconstitutionally encroaches upon some right belonging to him, but he procured or consented to its passage. An examination of the entire case supports this view of its meaning; and the view of Judge Cooley, as given in his own language, is: "The statute is assumed to be valid until some one complains whose rights it invades."

The Federal Constitution, as well as that of our own State, has forbidden our Legislature from enacting any law impairing the obligation of a contract; and section 30 of our Bill of Rights declares that all laws contrary to our Constitution are *void*.

It is urged by counsel that the word "unconstitutional" is the legal synonym of "void;" that a legislative act is either valid or void, and can not be voidable; that if void, it is so *ab initio*, and as to strangers as well as interested parties, and for all purposes and under all circumstances; that no one can gain or lose a right by it, nor is any one bound by it, because the Legislature had no power to pass it, and it has no legal effect. Without dissenting from these views, or being understood as fully adopting them in the broad sense in which they are stated, we will state more fully the ground for an affirmance in this case.

The act of April 9, 1878, was in the case of Collins v. Collins, 79 Ky., 88, where the question arose between the debtor and the creditor, or the parties to the original contract, held to be unconstitutional so far as it gave the debtor a right of redemption as to sales of his land made after its passage for debts created prior thereto, upon the sole ground that it impaired the obligation of the contract. The entire right of the appellants arises out of their contract of purchase, made subsequent to the passage of the act in question, and not out of the contract made when the debt for which the land was sold was created. They were not parties to the latter, nor interested in the enforcement of the obligation

growing out of it. Their right to the land was acquired under the law in force when they purchased, and the then existing law enters into their contract.

Strange as it may now seem, it was for a long time doubted whether the courts of this country had the power to declare an act of a Legislature unconstitutional; and at least two examples can be found in our judicial history where judges have been impeached for so doing. It is a delicate and important duty, but a necessary one, because, as the Constitution is the fundamental law, it must be determined whether legislative action is in conformity to it. It should be performed, however, with the utmost caution and deliberation, and with a proper respect for the law-making power. Its action should not be held invalid unless it is so beyond reasonable doubt; and it is then so done, not because of judicial supremacy over a co-ordinate branch of the government, but because the law must be declared and the fundamental law maintained.

It results naturally from these considerations that a court will not listen to an objection to the constitutionality of an act, if it comes from one who is not interested or who has no right to make it; that it will not even pass upon such a question, unless it is the *lis mota*, and necessary to its decision, and will not go out of its way to find such a question.

It was said in the case of Jones, &c., v. Black, &c., 48 Ala., 540: "Nor will a court listen to an objection made to the constitutionality of an act of the Legislature by a party whose rights it does not specially affect. An act of the Legislature will

be assumed to be valid until some one complains whose rights it invades; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void as to him, his property or his rights, that the objection of constitutionality can be presented and sustained.''

To the same effect are the cases of Williamson v. Carlton, 51 Me., 449; Dejarnette v. Haynes, 23 Miss., 600; and Turnpike Corp. v. County of Norfolk, &c., 6 Allen, 353.

The claim of the appellants is based alone upon a contract of purchase made subsequent to April 9, 1878, and when the act in question was in force. There is no such connection between their contract and the one made when the debt was created, as to give them any rights under the latter; and they can not be heard to say that the law is unconstitutional because it impairs the obligation of a contract to which they were not parties, and the obligation of which they were in no way or to any extent entitled to enforce.

The petition for a rehearing is overruled.