CASE 13—PETITION ORDINARY—OCTOBER 20.

## City of Maysville v. Melton.

### APPEAL FROM MASON CIRCUIT COURT.

1. LICENSE FEES—VOLUNTARY PAYMENT—RECOVERY OR MONEY PAID FOR VOID LICENSE.—The payment by one to a city of money for license to conduct a lottery is voluntarily made and can not be recovered, though the license affords the licensee no protection; the licensee being aware of the existence of the law forbidding such license, but notwithstanding that insisted that it should be issued to him claiming that he had a vested right to conduct a lottery which could not be taken from him.

L. W. GALBRAITH FOR APPELLANT.

1. Appellee was presumed to know the law and has not presented a case entitling him to relief on account of ignorance of it, which comes within the equitable rule laid down in the case of Ray & Thornton v. the Bank of Kentucky, 3 B. M., 510. As to any mistake of fact, there could have been none because the facts were peculiarly in his knowledge.

2. Appellee having availed himself of the benefits of an unconstitutional enactment can not afterwards set up its unconstitutionality as a defence. Ferguson v. Landrum, 1 Bush, 548, and 5 Bush, 230; Daniels v. Tierney. 102 U. S., 187.

3. Appellee having paid the license tax voluntary and on his own motion and without any menace or compulsion, can not recover it back under claim of mistake, either of law or fact. Note, Mayor of Baltimore v. Lefferman, 45 A. D., 166; Dillon's Municipal Corporations, 944; note, Town of Ligionier v. Ackeman, 46 Ind., 552; Cooley on Taxation, 809; Am. & Eng. Enc. of Law, vol. 18, p. 220; Am. & Eng. Enc. of Law, vol. 25, p. 465; Wabaunsee Co. v. Walker, 8 Kan., 431; Union Pacific R. R. Co. v. Com'rs of Dodge Co., 98 U. S., 41; City of Louisville v. Anderson, 79 Ky., 334;; Louisville & Nashville R. R. Co. v. Com'th, 89 Ky., 539; L. & N. R. R. Co. v. Hopkins Co., 89 Ky., 306.

E. L. WORTHINGTON FOR APPELLEE.

1. Appellee was clearly mistaken as to the validity of the ordinance under which the license was issued; that ordinance being totally void the license was invalid and money received by the city in consideration of a void license can not be retained by the city. City of Owensboro v. Elder, 3 Ky. Law Rep., 255; Trustees of Stanford, v. Hite, 2 Ky. Law Rep., 386; Fecheimer v. Louisville, 84 Ky., 306. In all of these cases the money was voluntarily paid.

JOHN L. CHAMBERLAIN ON THE SAME SIDE.

1. The ordinance under which the money was paid, and the license issued was void, and, the license itself was, therefore, no protection to appellee, and the city can not in equity or good conscience retain the money. Trustees of Stanford v. Hite, 2 Ky. Law Rep., 386; City of Owensboro v. Elder, 3 Ky. Law Rep., 255; Fecheimer Bros. v. City of Louisville, 84 Ky., 306; Ray & Thornton v. Bank of Ky., 3 B. M., 510.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee, W. S. Melton, against the city of Maysville, in the Mason Circuit Court, on the following statement of facts: That on the 22d day of September, 1891, the appellee applied to the city authorities of Maysville for license to conduct a lottery in said city from that date till January 1, 1892, which was issued to him, and for which appellee paid $250, the ordinance fixing the license fixed the rate at $500 per annum; that

afterwards, and in pursuance to said license, the appellee began the business of operating a lottery and was arrested, indicted and fined in the circuit court of Mason county for conducting a lottery, and his penalty fixed at a fine of $500, which, after appellee had remained in jail 162 days, was pardoned by the Governor of the State; that after this indictment and conviction appellee demanded that the $250 paid for the license be refunded to him as the license was of no account, and no protection to him and void; that the ordinance under which it was issued was void; that the payment back had been refused by the appellant. The petition avers that this payment of the $250 was paid by appellee under a mistake of law and fact.

After the court had overruled a demurrer to the petition the appellant filed answer, in which is alleged that the license was issued to appellee at his special instance and repeated request, and on his representation that he had fully complied with the general laws of the State, and was authorized to conduct a lottery in Maysville on the payment of the license due the city, and also averred that at that time appellee knew he had not complied with the State laws in respect thereto, and knew that the Legislature of the State of Kentucky had repealed the charter of the company under which appellee acted, and knew that by said act all license for a lottery enterprise was forbidden, but in the face of this act, and with knowledge of its existence, appellee applied for the license and insisted that it be granted to him, at the time asserting that he had a vested right that the Legislature could not take away by any act, and that he had the right to conduct a lottery upon the payment of the

city license, and demanded that the same be issued to him, and appellant denied any mistake of law or fact on the part of either its officers or appellee, but alleged that the payment was voluntary and solicited by appellee, with full knowledge of all the facts as well as the law, appellee contending alone that the law could not be enforced against him, and that the said sum was never demanded back till long after the time had expired, that is, till after January 1, 1892, and after appellee had been convicted and fined $500, under the very act he insisted did not and could not apply to him or the franchise he claimed under. To this answer there was a reply, denying all the material allegations, and upon the issue thus made a trial was had before the court, a jury being waived, and the court adjudged that the city was liable and rendered judgment for appellee, and after reasons were filed and motion for new trial overruled, appellant, the city of Maysville, prosecutes this appeal.

By agreement the law and facts were submitted to the court without a jury, and upon trial, the proof introduced shows that the appellee, Melton, went to the treasurer of the appellant and paid him the money and took a receipt therefor, and took that receipt to the mayor and asked that the mayor issue the license, and that the mayor declined to issue it, assigning as a reason that the same could not be issued unless the applicant had a State license to conduct a lottery. The appellee then showed a paper to the mayor which appellee contended gave him the authority to conduct a lottery if the city would issue the license. The mayor then suggested that if he would wait till October 1st that the license till January 1st, following, would only cost $125

instead of $250, if paid on that day, September 22, 1891, but that Melton, appellee, preferred to have the license that day, and it was issued. The appellee admitted that he conducted a lottery from the date of the license till January 1st, following, some three months and six or seven days. The proof shows that during the time appellee was conducting the lottery he had frequent talks with the county attorney, who was also city prosecutor. In these appellee claimed to be acting under the authority of the Kentucky State Lottery Co., and that while the said lottery company had no State license, that the money to pay for same had been tendered to the auditor and was by him refused, and that the Legislature had no authority to repeal the charter of said company, and appellee showed the said county attorney newspaper clippings, etc., showing the opinions of lawyers to that effect. The proof also showed an indictment and conviction in the circuit court under the State laws, and in which he was fined $500.

In support of the judgment of the court below we are referred by counsel to the case of Owensboro v. Elder, 3 Ky. Law Rep., 255. That case is not directly in point. It seems from the opinion in that case that the city of Owensboro had agreed to issue to Elder a license to sell liquor, and that he thereupon paid the fee charged, but that the city authorities failed or neglected to issue the license, and, after Elder was indicted for violating the law by selling without license, he was permitted to recover his license money paid. This is evidently on the ground that the city was in fault in not issuing the license, as it had agreed to do.

We are also referred to the case of Trustees of Stanford

v. Hite, 2 Ky. Law Rep., 386, where Hite was permitted to recover back money paid by him for license to sell saddles and harness, which the court held could not be collected and the ordinance imposing same was void, and the court in this case, in reaching the conclusion it did, quotes from Ray & Thornton v. Northern Bank of Kentucky, 3 B. M., 510, as follows: "Whenever by a clear and palpable mistake of law or fact, essentially bearing upon and affecting the contract, money has been paid without cause or consideration, which in law, honor or good conscience ought not to be retained, it was and ought to be recovered back."

In this case above it is clear that the license was paid and received under an honest mistake of the right of the city to collect same, and this mistake, being mutual and honestly made, we have no doubt was correctly decided, and to its principles we adhere.

We are also referred to Fecheimer v. City of Louisville, 84 Ky., 306. In that case the license was paid by Fecheimer under a threat of penalties for violating the city ordinance, and paid under these circumstances under a mistaken belief that the ordinance imposing the license and penalty was valid, and because they had no practical mode of testing the ordinance except to pay and sue for their money back. The court permitted a recovery becouse the ordinance was void and the payment was made under the circumstances recited.

The case of McMurtry v. Ky. Cent. R. R., 84 Ky., 462, was a case where a party had by mistake paid interest on a judgment which, under the law, could not draw interest, and was allowed to recover it back.

The case of City of Newport v. Ringo's Ex'ors, 87 Ky., 635, was where a party was allowed to recover taxes paid under the belief that they could be lawfully exacted.

In the case of Gist v. Smith, 78 Ky., 367, which was an action to recover back usury, and the court, Cofer, judge, says: "But money paid upon a contract declared by statute to be void is not paid under any contract at all, it is paid without consideration, either good or valuable, and may be recovered back unless the transaction is of such a character that the law will not aid either party, which is not the case as to one who pays usurious interest."

The case of City of Louisville v. Anderson, 79 Ky., 334, is a very long and exhaustive opinion, and was an action for taxes paid by Anderson to the city which the city could not legally exact. The court there holds that taxes paid is not a voluntary payment so as to preclude a recovery, and clearly and unmistakably distinguishes such cases from a payment by a party claiming a right and the recipient of the money, a mere passive agent of the corporation.

The court clearly decides that taxes in the hands of a collecting officer and paid to him are paid under legal duress and not voluntary, and in all such cases, if illegal, can be recovered back, and the court further holds: "The party is required to show, when the mistake originates from his own action as well as that of another, that he has exercised such diligence as a prudent man would exercise in ascertaining what his rights are."

In the case of L. & N. R. R. v. Hopkins County, 87 Ky., 605, this court, by Lewis, J., recognized the doctrine stated in the case of City of Louisville v. Anderson, and at the

same time held that the railroad could not recover back taxes paid to Hopkins and Christian counties, for the reason that they were paid voluntarily and with a knowledge of the facts, and that the rule announced in the case of Louisville v. Anderson did not apply for the reason that the collecting officer with the tax for collection could not levy and sell the property of the railroad, and that that tax could only be collected by judicial process and that the payment must be held to be voluntary.

It seems to be well settled in this State that where taxes are paid to a collecting officer who has power of distraint it is not a voluntary payment. It is also well settled that where money is paid under a mutual mistake, which in law, morals and good conscience ought not to be retained, it can be recovered back.

The proof in the case at bar does not show that the money paid for the license to carry on a lottery in the city of Maysville was paid through any coercion, but that the payment was sought to be made by the appellee to the authorities of the city of Maysville; that said payment was made to the treasurer of the said city without his solicitation or demand; that when appellee presented the receipt to the mayor and demanded license the mayor doubted authority to issue same and did not do so till urged by the appellee; that the appellee was representing the owners of the combined lotteries of the State of Kentucky; that appellee knew that the Legislature of Kentucky had repealed the charters of the companies and the franchises under which he proposed to operate. The proof as presented shows that appellee did not pay the money for the license under any mistake of fact or of the law.

Wherefore, the judgment of the circuit court is reversed, with directions to grant a new trial.