Case 58.—PROSECUTION AGAINST BEN WALKER BARBOUR
FOR SELLING LIQUOR WITHOUT A LICENSE.—November 16.

## Commonwealth v. Barbour.

Appeal from Oldham Circuit Court.

R. F. PEAK, Circuit Judge.

From a judgment dismissing the indictment the
Commonwealth appeals.    Reversed.

1. Criminal Law—Election by Commonwealth—Where two or
more laws are violated by accused's act, the Commonwealth
may elect under which law it will prosecute.
2. Intoxicating Liquors—Criminal Offenses—Prosecutions—Election by Commonwealth—One selling intoxicating liquor in a
local option district may be prosecuted, at the election of the
Commonwealth, either under the general law (Ky. Stats.
1903, sec. 1304) punishing the sale of liquors without a license
or under the local option law, since, when the local option
law is put in effect in any locality, under sec. 2554, laws that
are not inconsistent with the local option law remain in force.

CHARLES SANFORD for appellant.

N. B. HAYS and C. H. MORRIS of counsel.

1. The contention of the representatives of the Commonwealth
is, that the Legislature has provided two agencies or methods by
which the liquor traffic may be restricted, one providing a penalty for selling liquors without first procuring a license, and the
other a penalty for selling in violation of the local option law.

2. As held in Hoke v. Yocum, the local option law is merely
another agency for the restriction of the traffic in intoxicating
liquors, and the Commonwealth has the right to choose or select
the agency it deems best, under the circumstances, to prevent the
illegal sales of intoxicants.

3. By so doing, no hardship or additional burden is put upon
the person so offending, for a conviction under the one would
operate as a bar to any further prosecution for the same offense.

(Commonwealth v. Powell, 22 Ky. Law Rep., 1932; Hoke v. Yocum, 14 Bush, 672.)

J. S. MORRIS for appellee.

We submit that on principle it can not be held that two laws, with different procedures and penalties applying to the same act, could be in force in the same territory at the same time.

### AUTHORITIES CITED.

Commonwealth v. Hoke, &c., 14 Bush, 699; Allen v. Commonwealth, 10 Ky. Law Rep., 280; Wootten v. Commonwealth, 15 Ky. Law Rep., 495; Baker v. Commonwealth, 23 Ky. Law Rep., 898; Locke v. Commonwealth, 25 Ky. Law Rep., 80; Powell v. Commonwealth, 22 Ky. Law Rep., 1933.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Appellee, Barbour, was indicted for the offense of selling spirituous, vinous, and malt liquors without license in Oldham county, under sec. 1304, Ky. Stats., 1903, which provides for a fine for the offense of not less than $20 nor more than $100. The Commonwealth introduced evidence on the trial tending to show that the defendant was guilty. He thereupon showed by the clerk that an election had been held under the local option law, resulting against the sale, and that the certificate had been entered on the order book of the county court. By that act the penalty for selling intoxicating liquors in a local option locality is a fine of not less than $60 nor more than $100, or confinement in the county jail for not less than 10 nor more than 40 days, or both such fine and imprisonment, in the discretion of the jury. On this proof the court dismissed the indictment, on the ground that the Commonwealth, in a local option community, must proceed under the local option statute and not under the general law. From this judgment the Commonwealth appeals.

The general rule is that, where two or more laws provide redress for the same wrong, the person seeking to punish the wrong may proceed under either law at his election. (Bishop on Statutory Crimes, sec. 163d.)

In the same work, in sec. 1027, it is said, referring to statutes against liquor selling: ''An offender's conduct will often be found to have violated more than one of the provisions of these statutes. Then, as in other criminal cases, he may be proceeded against for any crime which can be carved out of it, at the election of the prosecuting power.''

The same rule is applied where a statute has prescribed a punishment for a common-law offense. The defendant may be proceeded against under the statute or as at common law. (Commonwealth v. Rowe, 112 Ky., 482, 24 Ky. Law Rep., 974, 66 S. W., 29.)

A great many illustrations of the above may be given. Thus, if a man cuts another, he may, on the same proof, at the election of the Commonwealth, be indicted for mayhem or malicious cutting, or if he kills another he may be indicted for the common-law offense of murder or manslaughter, or for the statutory offense prescribed by sec. 1151, Ky. Stats., 1903. The same act may be punished as burglary under sec. 1159, or as the felonious breaking of a house under section 1162. So, too, the same act may be indicted as a breach of the peace or as an assault and battery. (Cornelison v. Commonwealth, 84 Ky., 583, 8 Ky. Law Rep., 794, 2 S. W., 235.)

Implied-repeals are not favored. The Commonwealth, in framing the prosecution, may often better punish the offender by proceeding for the lesser penalty than risk being defeated altogether in a pro-

vol. 121—30

ceeding to recover the larger. This right of the prosecution is as old as the common law and is universally recognized. In the case before us it is a valuable right; for, if the Commonwealth proceeds under the local option law and there is any defect in the proceeding to put the law in force, the defendant escapes punishment, however guilty he may be. In numerous cases proceedings to put the law in force have been held void. On the other hand, if the Commonwealth proceeds under the general law, while a smaller penalty is inflicted, the prosecution avoids assuming the burden of showing that the local option law is in force. Where the defendant has sold whisky in violation of law, he has violated the general law in selling without license, although he may have also violated the local option law.

The local option law is enacted under sec. 61 of the Constitution, which requires the General Assembly to provide by general law a means for taking the sense of the people locally as to the sale of spirituous, vinous, and malt liquors. When the law is put in effect in any locality, under sec. 2554, Ky. Stats. 1903, all inconsistent laws in that locality are no longer in force, but laws that are not inconsistent remain in force. The local option act is a part of the Kentucky Statutes. The purpose of the act is to prevent the granting of license and stop the sale, if the people so vote. When it is adopted, the penalties provided by that act may be enforced in the locality where it is adopted; but these penalties are merely cumulative, and the Commonwealth is not required to prosecute alone under the local option law, but may at its election proceed under any general statute applicable to the offense, precisely as in other cases. There is noth-

ing in the local option statute to except it out of the operation of the rule governing other statutes.

In the case of Commonwealth v. Powell, 62 S. W., 19, 22 Ky. Law Rep., 1932, the demurrer to the indictment, which was similar to the one before us, had been sustained by the circuit court. On appeal the judgment was reversed, and the indictment was held good. There was no other question before the court in that case.

In the subsequent case of Baker v. Commonwealth, 64 S. W., 657, 23 Ky. Law Rep., 898, the question was suggested by the court, but no opinion was expressed on it.

In Raubold v. Commonwealth, 54 S. W., 17, 21 Ky. Law Rep., 1125, it was held that the local statute continued in force, notwithstanding the adoption of the local option law, and notwithstanding the fact that the local act made the guilt of the vendor depend, not alone upon his own act of selling, but on the use to which the vendee put the liquor obtained. This ruling that the local acts continue in force, and prosecutions may be had under them, notwithstanding the adoption of the local option law, has been followed in a number of subsequent cases. (Locke v. Commonwealth, 74 S. W., 654, 25 Ky. Law Rep., 76; Crigler v. Commonwealth, 120 Ky., 512, 87 S. W., 276, 27 Ky. Law Rep., 918, and cases cited.)

Our attention is called to the fact that in Allen v. Commonwealth, 10 Ky. Law Rep., 280, and Wootton v. Commonwealth, 15 Ky. Law Rep., 495, it was held by the Superior Court that, in localities where the local option law is in force, persons who illegally sell liquor must be proceeded against under that law, and not under the general law; but we can not concur in the reasoning or conclusion of the court. He who

sells liquor in violation of law violates the general law, and the wrong is no less a violation of that act because he can not get license.     If he can not get license, he has no right to sell.   If he sells when he can not get license, he is no less guilty under the general law than if he could get license and failed to do so.     The Commonwealth must indict under the local option act, and show it to be in force, in order to inflict the greater penalty; but if there is doubt as to the local option law being in force, or difficulty of proving the fact, the Commonwealth may well prefer, as in other cases, to prosecute for the lesser offense. As the defendant has violated both laws, he can not complain that he is prosecuted for the lesser, rather than for the greater, offense.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

JUDGES PAYNTER and NUNN dissent.

Petition for rehearing by appellee overruled.