## Holt, Drainage Com'r, et al. v. Clements, County Judge.

(Decided October 13, 1936.)

E. R. MORTON for appellants.

WORSHAM & KING for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

G. W. Holt, as drainage commissioner of Union county and individually, brought this action against Earle C. Clements, judge of the county court of Union county, alleging that he was appointed and qualified as drainage commissioner of Union county under section 2380-7, Kentucky Statutes.

He avers in his petition that he is acting as drainage commissioner with the drainage board of Union county, and operating "under what is known as the 1912 Acts of the Kentucky Legislature," being sections 2380-1 to 2380-50, inclusive, Kentucky Statutes, 1930 Ed. Following these allegations, he sets forth that the 1936 Legislature passed Senate Bill No. 100 (Acts 1936, c. 39, p. 98), wherein it repealed section 2380-7, and "all other laws and parts of laws in conflict [herewith]," and "creating and providing for the election of Boards of Drainage Commissioners; prescribing the powers and duties of such Boards."

Senate Bill No. 283 (Acts 1936, c. 40, p. 102), relates to "ditches and drains in counties having more than seventy-five [75] separate drainage districts"; provides that in such counties the county judge shall appoint a drainage commissioner; it prescribes the powers and duties of such commissioner and repeals all laws and parts of laws in conflict therewith, to the extent of such conflict only.

He avers that the provisions of these bills "are invalid, unconstitutional and void, and that the said Acts attempt to set up two methods for the election or appointment of drainage boards in counties of this state, making exception to counties in which there are 75 or more drainage districts; that the county judge has called an election to be held at the court house in Morganfield, Kentucky, on the 16th day of March 1936, for the purpose of electing directors and forming a drainage board

under the law as provided in Senate Bill No. 100; that unless he is restrained from holding it, it will be held on that day; that the acts of the board created under the law as provided in Senate Bill No. 100 will be void; that it can not collect or disburse any funds" and that "great and irreparable injury would be sustained."

Senate Bill No. 100 (Acts 1936, c. 39) expressly authorizes drainage boards "to compromise and settle any and all maintenance assessments heretofore made, levied or assessed, against any land or the owner thereof, and the Board shall have the right to make such settlements upon such terms and conditions as it may deem proper, and to do and perform each and every act necessary to release and discharge any and all claims and demands, and all liens upon lands or real estate heretofore established, made or claimed, under or by reason of any and all such maintenance assessments."

He charges this provision violates "Sections 19-52-29, Subsections 22 and 29 of Section 59, and Section 60 of the Constitution of the State of Kentucky," "in that it permits impairment of contracts and authorizes said boards to release and extinguish an indebtedness or liability due this board and the impairment of liens and that it is special legislation."

The county judge, instead of demurring to the petition, traversed it, and set forth substantially the provisions of the Senate Bills mentioned in the petition, with the averment that they are constitutionally valid, and prayed that the petition be dismissed.

It was the conclusion of the trial court that Senate Bill No. 100 repealed section 2380-7, and all other laws and parts of laws in conflict therewith, and is constitutionally valid and in force, and accordingly so decreed. The court in its judgment made no reference to Senate Bill No. 283 (Acts 1936, c. 40). Except inferentially, Holt's petition does not disclose that Union county has less or more than 75 separate drainage districts. In the absence of an allegation showing that Holt, officially or individually, was affected by the provisions of Senate Bill No. 283, in some way, he is in no position to question its constitutionality.

The prevailing rule is, no one can challenge the constitutionality of a statute, who has no interest in, and is not affected by, its provisions. Marshall v. Donovan, 10

Bush, 681; Burnside v. Lincoln County Court (Ex parte Burnside), 86 Ky. 423, 6 S. W. 276, 9 Ky. Law Rep. 635; Shaw v. Fox, 246 Ky. 342, 55 S. W. (2d) 11, and cases cited.

The circuit court properly applied this principle and declined to pass on the constitutionality of Senate Bill No. 283. Adhering to this principle, we decline to determine its validity in this action.

The validity of Senate Bill No. 100 is assailed because of the section authorizing a compromise or settlement "of any and all maintenance assessments heretofore made, levied or assessed, against any land or the owner thereof, etc."

Holt further argues that he is entitled to have Senate Bill No. 100 and Senate Bill No. 283 read, considered, and determined by the rule of construction stated in Willson, Governor v. Hahn, 131 Ky. 439, 115 S. W. 231; Greene, Auditor v. E. H. Taylor, Jr., & Sons, 184 Ky. 739, 212 S. W. 925.

Not having an interest in, and not being affected by, any provision of Senate Bill No. 283, Holt is in no position to have it considered or construed under the rule enunciated in those cases.

Conceding without deciding that the provision of Senate Bill No. 100, relating to compromise and settlement, as it is therein stated, is invalid as to land or landowners theretofore assessed for drainage districts, no fact is stated in Holt's petition disclosing that either as an official or as an individual, he has an interest in, or is affected by, this provision; therefore, he may not question it on the ground that it as to others is constitutionally invalid. Tincher v. Commonwealth, 208 Ky. 661, 271 S. W. 1066; Carl v. Thiel, 211 Ky. 328, 277 S. W. 485; Shadoan v. Barnett, 217 Ky. 205, 289 S. W. 204, 49 A. L. R. 843; Cumberland Pipe Line Co. v. Commonwealth, 228 Ky. 453, 15 S. W. (2d) 280.

Holt's office of drainage commissioner was not established by the Constitution, but by a statute—section 2380-7, Kentucky Statutes. Senate Bill No. 100 repealed this section, created a new office, prescribed its tenure, and provided how and when it should be filled. The rule is, "an office established and held for the public good is not a contract, nor is its tenure secured by any binding

contract; and a legislative office should depend for its tenure, as well as its existence, on legislative discretion. No constitutional truth is more obvious, or has been more conclusively settled in this country." Standeford et al. v. Wingate et al., 2 Duv. 440; Johnson v. Laffoon, 257 Ky. 156, 77 S. W. (2d) 345.

Senate Bill No. 100, by repealing section 2380-7, abolished Holt's office, and under the rule stated in those cases, the Legislature was well within its right when it enacted Senate Bill No. 100, abolishing it.

It is indisputable that Senate Bill No. 100 effectually abolished his office, relegating him to the class of the functus officio, which deprives him of the right to enter, or to demand that we enter, the stratosphere of the constitutionality of any provision thereof, other than the one abolishing the office.

Wherefore, the judgment is affirmed.