# Stein et al. v. Kentucky State Tax Commission et al.

(Decided Dec. 8, 1936.)

STEPHENS L. BLAKELY, ALFRED P. LEWIS and JOHN T. MURPHY for appellants.

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The Seventh Amendment of the Constitution of Kentucky (published as section 226a [See Acts 1918, c. 63]), prohibited the manufacture, sale, and transportation of intoxicating liquor, except for sacramental, medicinal, scientific, or mechanical purposes. Pursuant thereto, the General Assembly, at its 1920 session, enacted an enforcement law (chapter 81, Acts 1920). At its 1922 session a stricter law was enacted, known as the Rash-Gullion Act (chapter 33, Acts 1922). Provisions were made therein for the lawful manufacture, sale, and purchase of intoxicating liquor for the excepted pur-

poses, particularly for the sale by druggists on prescriptions of physicians for the necessary and proper treatment of their patients. In 1934 (Acts 1934, c. 146 [Ky. Stats. sec. 2554b-1 et seq.]) the Legislature passed an act, designated as "The Kentucky Alcoholic Control Act" (article 2, sec. 12 [Ky. Stats. sec. 2554b-2]) establishing a scheme of permits to dispensaries, hotels, restaurants, and clubs, to sell intoxicating liquors. This was under the conception of enforcement by "appropriate legislation," which the Prohibition Amendment enjoined upon the General Assembly. The structure of the act is built upon and around the idea, as stated in the preamble, "that when the said liquors are consumed in small and limited quantities with meals and for the purposes of medcinal use as provided in this Act such liquors have medicinal value and the constitution is enforced by appropriate legislation." Acts 1934, c. 146, art. 1, sec. 6. Hence, in so far at least as to hotels, restaurants, and clubs, whatever sale and manner of sale is authorized it is for medicinal purposes, and medicinal purposes only. That is the specific declaration. We are not now concerned with the question of its reality or speciousness.

This suit was instituted by William Stein against the members of the State Tax Commission, the Auditor of Public Accounts, the State Treasurer, and the Attorney General. The petiton alleges that the plaintiff conducts "a restaurant and place of business where meals and spirituous, vinous and malt liquors are served for consumption on the premises." He seeks to recover a license fee of $600, which he had paid for the previous year, and to enjoin the collection of a similar license as of July 1, 1936, for the privilege of serving intoxicating liquor for consumption in his restaurant. It is charged that the defendants will prosecute the plaintiff and close his business if he fails to pay the license demanded and continues to serve intoxicants. The purpose of the suit is further stated to be "to determine the authority and power of the State Tax Commission to require the plaintiff to secure a permit to sell such liquors in the manner above provided, and to require the plaintiff to pay the license tax required by section 2554b-61 of the Kentucky Statutes."

Thereafter an intervening petition was filed by a number of other individuals, stating that each of them

is engaged "in the business of selling vinous, spirituous and malt liquors by the drink." They further allege:

"Your petitioners say that the liquors they sell are dispensed to persons who may desire them for consumption on the premises and that they are not sold on the prescription of a physician and that such sales in the manner above set out do not constitute a sale for scientific, sacramental, mechanical or medicinal purposes."

The petitioners also say that, having heretofore paid annual license fees of $600 to the Commonwealth for the privilege of selling liquor in such manner, the payments were made under compulsion and because of the penalties set out in the statute.

All parties to the suit allege that the Kentucky Alcohol Control Act of 1934 is unconstitutional and void as offending the provisions of the Seventh, or Prohibition, Amendment to the Constitution, which was in full force and effect at all times covered by the suit. They allege there is no valid law regulating their business, and that the collection of the license fees has been and would be without authority of law. They asked to be permitted to sue for others similarly situated, who are too numerous to be brought before the court, and that the case be referred to the master commissioner to determine the amount of taxes and fees so unlawfully paid, and for a judgment directing the officers of the State to refund said payments.

The court sustained a demurrer to the petition and intervening petition, and dismissed them. The plaintiff and interveners have appealed from that judgment.

The arguments are that the act of 1934 is but a device or subterfuge to authorize the sale of intoxicating liquor for beverage purposes and is a clear evasion; that in its entirety it is in conflict with the Prohibition Amendment. In no event, say the appellants, can it be applicable to them, for they are selling intoxicating liquors only for beverage purposes and make no claim to dispensing them as medicine. The act states that it repeals the enforcement law of 1922, or the Rash-Gullion Act; hence the appellants maintain that there is no law in the State covering them and their business of selling intoxicating liquor for beverage purposes.

Constitutional questions are not to be dealt with abstractedly. It is well-settled law that the courts will not give their consideration to questions as to constitutionality of a statute unless such consideration is necessary to the determination of a real and vital controversy between the litigants in the particular case before the court. It is incumbent upon a party who assails a law invoked in the course thereof to show that the provisions of the statute thus assailed are applicable to him and that he is injuriously affected thereby. Kentucky Heating Company v. City of Louisville, 174 Ky. 142, 192 S. W. 4; City of Newport v. Merkel Bros. Co., 156 Ky. 580, 161 S. W. 549; Strand Amusement Co. v. Commonwealth, 241 Ky. 48, 43 S. W. (2d) 321; Holt, Drainage Commissioner, v. Clements, 265 Ky. 546, 97 S. W. (2d) 397; Cooley's Constitutional Limitations, p. 339; 6 R. C. L. 89.

As we have stated, the act of 1934 purports to legalize the sale of intoxicants only for medicinal, mechanical, sacramental, or scientific purposes. Permits and licenses are granted for those purposes only. Two classes of retailers are recognized, namely: (a) Dispensers by the package, not to be drunk on the premises; and (b) hotels, restaurants, and clubs. The original plaintiff, Stein, does allege that he conducts a restaurant, but he does not allege that he has been selling, or proposes to sell, liquor with meals to persons authorized or in the manner stipulated by the statute. No sort of allegation is made in the intervening petition other than the petitioners have sold, and purpose to sell, intoxicating liquors for beverage purposes. Counsel for all parties frankly admit that to be the case for each of them. They have done so under their several permits issued by the State Tax Commission, and allege a purpose to continue to do so without such permit.

If the act of 1934 be unconstitutional altogether, then the Rash-Gullion Act remained in full force and effect, and the parties are very far outside the pale of the law, and cannot be heard. The 1934 act provides that "no person shall sell vinous, spirituous or intoxicating malt liquors in this State, except as provided in this Act." Section 2, article 4 (Ky. Stats. sec. 2554b-9). It is further provided that the permit issued to a restaurant, hotel, or club shall not be construed as a grant

to sell intoxicating liquor for beverage purposes. Section 12, subsection (f), article 4 (Ky. Stats. sec. 2554b-30). In that aspect, at least, the act unquestionably has a valid operation. Therefore, whether the act should stand or fall as a whole upon a proper presentation for decision, the appellants are still without the coverage of the law.

If the proposition of the unconstitutionality of the act be accepted as an evasion of the amendment prohibiting sales of alcoholic liquors, it does not follow that the appellants are entitled to relief. They cannot recover the payments of licenses, for a government may enforce collection of a license or excise tax on the doing of a prohibited act or on a business unlawfully conducted, the payment of the tax being no justification for doing the forbidden act. United States v. Constantine, 296 U. S. 287, 56 S. Ct. 223, 80 L. Ed. 233; Wainer v. United States, 57 S. Ct. 79, 81 L. Ed. —; Commonwealth v. Powell, 62 S. W. 19, 22 Ky. Law Rep. 1932; 26 R. C. L. 237; Commonwealth v. Barbour, 121 Ky. 463, 89 S. W. 479, 28 Ky. Law Rep. 433, 3 L. R. A. (N. S.) 620; Foster v. Speed, 120 Tenn. 470, 111 S. W. 925, 22 L. R. A. (N. S.) 949, 15 Ann. Cas. 1066; Barnes v. State, 75 Tex. Cr. R. 188, 170 S. W. 548, L. R. A. 1915C, 101. See, also, City of Maysville v. Melton, 102 Ky. 72, 42 S. W. 754, 19 Ky. Law Rep. 1033, in which the right of recovery of money paid was denied where one, with full knowledge that all licenses for a lottery enterprise were forbidden, nevertheless insisted that a city license be granted him, asserting he had a vested right to conduct a lottery which the State could not take from him.

We advert to the established principle in testing the validity of a statute, that objections thereto are not available to one not injured thereby. If the State through its agencies granted the appellants permits and licenses to do something lawful, namely, to sell intoxicating liquor for medicinal purposes, and they have sold it as beverage, they ought not, and cannot be heard to, complain. That the extreme looseness of the law, or laxness of administrative enforcement, opened the doors so wide as to enable them to sell intoxicants as beverage under color of legality, and operate free from molestation, upon what basis can they question the validity of a law governing the sale of intoxicants for medicinal purposes?

In Burnside v. Lincoln County Court, 86 Ky. 423,

6 S. W. 276, 278, 9 Ky. Law Rep. 635, the validity of a special act of the Legislature (which was under the Constitution of 1851) authorizing the people of Lincoln county to vote on prohibiting the sale of intoxicating liquor therein, and fixing penalties, was questioned by one who had been refused a tavern license with privilege of retailing liquor. The title was held not defective, and the act itself was held valid as being within the police power of the State, there then being no constitutional provision in relation to the regulation or restriction of intoxicating liquors. The court thus stated and disposed of the final ground urged against the validity of the statute, which is particularly authoritative for the case at bar, viz.:

"It is insisted, however, that the law now under consideration is unconstitutional, because of its sweeping character; that it not only forbids the sale of liquor by retail or as a beverage, but for religious or medicinal purposes. Even if it were true that under it a physician of Lincoln county could not prescribe it as a medicine, or admitting that its proper construction forbids the sale in toto, and not merely as a beverage, yet the appellant is not in a position to call in question its constitutionality upon this ground. He is asking that it be declared unconstitutional because it prevents him from obtaining the privilege of selling liquor by retail or as a beverage. Prescriptions are not filled in barrooms, nor is the communion table supplied from such places. We must look at things as they are, and not as they might be, in considering questions involving the exercise of the police power. It is unnecessary to decide whether the law-making power, in its exercise, may forbid the sale of an article for innocent, proper, and even useful purposes, upon the ground that it will be productive of deceit, and in effect defeat its effort to protect the health, morals, and peace of the community from the ills arising from other uses of the article, since the appellant cannot be heard to say that the law is invalid and unconstitutional upon a ground which in no way affects his rights. It was said in the case of Com. v. Wright, 79 Ky. 22 [42 Am. Rep. 203]: 'Only those who are prejudiced by an unconstitutional law can complain of it.' Mr. Cooley, who is probably the most distinguished writer of the pres-

ent day upon constitutional power and its limitations, enforces this view; and in the case of Sullivan v. Berry's Adm'r, 83 Ky. 198 [4 Am. St. Rep 147], it was fully considered and reaffirmed upon a review of numerous authorities. Jones v. Black, 48 Ala. 540; Williamson v. Carlton, 51 Me. 449; Dejarnett v. Haynes, 23 Miss. 600; Hingham Turnpike Corp. v. County of Norfolk, 6 Allen [Mass.] 353. The appellant only asks that he be allowed 'to retail' liquor by opening a bar-room in a hotel. He has no interest, so far as the record discloses, in the sale of it for medicinal or religious purposes. He makes no such question. The right he asks cannot be considered as fairly involving it; and the court has neither the inclination nor the right, in this character of a case, to go out of its way in search of such a question, or to consider it at the instance of one who has no right to ask it, because it does not affect his rights, and is not involved in the consideration of the privilege sought by him.''

The case has been widely accepted and followed. The incapacity of the appellants to question the act in hand is still more pronounced. They have benefited by it, and one who is benefited rather than injured by the operation of a statute may not question its constitutionality. Small v. Hodgen, 11 Ky. (1 Litt.) 16; 12 C. J. 763.

As to the constitutionality of the act of 1934, we do not intimate an opinion either one way or the other. Upon grounds stated, we think the trial court properly sustained the demurrer and dismissed the proceedings.

Judgment affirmed.

Whole court sitting, except Judge Richardson, who was absent.