## Lueke et al. v. Mescall et al.

(Decided March 25, 1938.)

HUBERT MEREDITH, Attorney General, A. E. FUNK, Assistant Attorney General, and ULIE J. HOWARD for appellants.

STEPHENS L. BLAKELY and ALFRED P. LEWIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellants, Douglas Lueke et al. (hereinafter called "the officers"), are asking for the reversal of a judgment obtained against them on December 23, 1937, by James Mescall and 23 other retail liquor dealers, the substance of which judgment is:

"It is adjudged that the Kentucky Alcoholic Control Act of 1934, [Acts 1934, c. 146] the same being sections 2554b-1 to 2554b-79, inclusive, is unconstitutional and void. The defendants, are therefore permanently enjoined and restrained from undertaking to enforce said act against these plaintiffs, or any of them and from instituting any prosecutions against these plaintiffs, or any of them, for failing to secure license permits and for failing to pay the fees provided for by the Alcoholic Control Act of 1934."

The nature of this action is thus stated by these liquor dealers in their petition:

"Plaintiffs further say that the purpose of this proceeding being to test the constitutionality of the Kentucky Alcoholic Control Act. An actual controversy exists as to the obligation of these plaintiffs to apply for and receive a permit for the year beginning July 1, 1937. The plaintiffs contend that they are not required under the law to have such permits and pay the fees required therefor, to wit, $600.00, in order to conduct their business as hereinabove set out for said year.

"The defendants in their official capacity are contending that such permits are required and the said defendants will unless enjoined and restrained

by this court proceed to prosecute and try these plaintiffs for carrying on their business after July 1, 1937, in the manner above set out."

The petition filed by these liquor dealers shows that prior to July 1, 1937, each of them had conducted in Kenton county, Ky., such a business as is contemplated by section 2254b-61 of Kentucky Statutes, article 5, sec. 5, chapter 146, p. 645, Acts 1934, and each had paid $600 and obtained a permit so to do, and had in every way complied with the law.

The contention of these liquor dealers when stripped to the bone is simply this:

"We have heretofore complied with 'The Kentucky Alcoholic Control Act.' We understand it. We do not believe it is constitutional, and intend after July 1st, 1937, to disregard it and to continue our businesses in defiance of it."

### Our Conclusion.

These liquor dealers were mistaken in their conclusions, and the trial court, by following their views of the matters, was led into error. After this blunt statement of our conclusion we shall set forth briefly the reasons that have led us to it. We shall begin this by giving certain historical data around which the question before us revolves. From the November election in 1919 until after the November election in 1935, the following, which is the Seventh Amendment to, or section 226a of, the Fourth Constitution of Kentucky, was in effect:

"After June 30, 1920, the manufacture, sale or transportation of spirituous, vinous, malt or other intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes, in the Commonwealth of Kentucky, is hereby prohibited. All sections or parts thereof of the Constitution, insofar as they may be inconsistent with this section, are hereby repealed and nullified. The General Assembly shall enforce this Section by appropriate legislation." See Acts 1934, c. 58.

From March 22, 1922, until March 17, 1934, the Rash-Gullion Act, chapter 33, p. 109, Acts of Kentucky 1922, sections 2554a-1 to 2554a-47, inclusive, of Kentucky Statutes, was in effect. From January 16, 1919, until December 5, 1933, the Eighteenth Amendment of

the United States Constitution was in effect. From October 28, 1919, until December 5, 1933, the Volstead Act, 41 Stat. 305, was in effect. Doubtlessly, the General Assembly of Kentucky was very much influenced by the foregoing historical occurrences when on March 17, 1934, the Kentucky Alcoholic Control Act, chapter 146, p. 613, Acts 1934, sections 2554b-1 to 2554b-96, inclusive, Kentucky Statutes, was adopted.

In Stein v. Kentucky State Tax Commission, 266 Ky. 469, 99 S. W. (2d) 443, 445, we wrote this, which the appellees appear to have overlooked:

"A government may enforce collection of a license or excise tax on the doing of a prohibited act or on a business unlawfully conducted, the payment of the tax being no justification for doing the forbidden act."

We cited in the opinion in that case a number of cases, state and federal, in support of what we held there, and we are cited to no persuasive authority calculated to induce us to depart from that holding.

Therefore, we conclude the trial court erred in overruling the demurrer filed by the officers to the petition, and that the judgment that followed is erroneous. Judgment reversed, with direction to set it aside, to sustain the demurrer to the petition, and for consistent proceedings. The whole court sitting.

Judgment reversed.